# Staunton.

## Bedford City v. Sitwell.

### September 9, 1909.

1. MUNICIPAL CORPORATIONS—*Defective Sidewalks—Negligence of Pedestrian.*—Municipal corporations, while not insurers of the safety of their streets and sidewalks, must exercise reasonable care to keep them in a safe condition for travel in the ordinary modes, and are liable in damages for their failure so to do to one, who while traveling and exercising ordinary care, is injured by reason of their negligence. But to render the municipality liable the plaintiff should have been using reasonable or ordinary care to avoid the accident.

2. MUNICIPAL CORPORATIONS—*Sidewalks—Safe Condition—Presumption—Knowledge of Defects—Case at Bar.*—A person using a street or sidewalk in the ordinary manner has the right, in the absence of knowledge to the contrary, to assume that the street or sidewalk is in a reasonably safe condition, and is not, as a matter of law, required to be on the lookout for defects or obstructions, but where he has knowledge of the defective condition of the streets or sidewalks, and especially when he is not using them in the manner in which they are ordinarily used, or intended to be used, he cannot of course assume that they are in an ordinarily good condition, and act upon that assumption. In the case at bar the plaintiff knew of the defective condition of the sidewalks generally, though not specially at the place of accident, and did not use reasonable care and diligence for her own protection in the use made of the sidewalk, and hence cannot recover.

Error to a judgment of the Circuit Court of Bedford county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Wm. R. Abbot, Jr.,* and *Harrison & Long,* for the plaintiff in error.

*S. S. Lambeth* and *Sale & Withers,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action to recover damages for personal injuries suffered by the defendant in error, Mrs. Sitwell, while attempting to get out of her carriage on to a board sidewalk in the town of Bedford City.

There was a demurrer to the evidence, which was overruled, and judgment rendered for the plaintiff. To that judgment this writ of error was awarded.

Three grounds of error are assigned: First, that the evidence does not show that the town was guilty of negligence; second, that if it does, the plaintiff was guilty of contributory negligence; and, third, that certain evidence, as set out in bills of exception numbered from 1 to 5, was improperly admitted.

In the view we take of the case, it will be unnecessary to consider the first and third assignments of error.

The walk where the accident occurred is about two feet above the level of the street, and was constructed of boards about four feet long, nine inches wide, and one and one-half inches thick, laid on stringers three by four inches, running parallel with the street, and placed about two and one-half feet apart. The outside stringer, or the one nearer the fence, is laid on the ground, and the other rests upon braces. To these stringers the boards are nailed.

On the morning of the accident the plaintiff came in from the country in a carriage, and drove up to the side of the walk not far from the back gate of her sister's home on Grove street. In stepping from the carriage to the sidewalk the end of the board upon which she stepped gave down, the other end flying

up and striking her in the face, causing the injuries complained of.

It appears that the stringer farthest from where she stepped, which rested upon the ground, was entirely decayed and would not hold the nail driven in that end of the board, and that the nail which had fastened the board to the other stringer had rusted off. It further appears from the plaintiff's own testimony, that while she did not know that the particular board upon which she stepped was in an unsafe condition for the use she was making of it, she did know the general condition of the board sidewalks, and that there was danger from stepping on the ends of the boards; that boards had tilted up with her on other occasions, as they had with almost everybody in town who had stepped upon them, so that her habit in stepping upon these board walks was to step well up on the stringer so as to prevent the boards from tilting or flying up; that on the occasion of the accident she had no recollection of how she stepped on the walk, though she supposed that she did so in her usual way.

That she was not exercising her usual care in stepping upon the sidewalk when injured, is clear from her answers to the following questions asked her on cross-examination:

"Q. Now when you stepped from your vehicle on the plank, you did not have in mind to step over to avoid the plank flying up? A. I did not think about it.

"Q. You did not? A. It was muddy and I pulled up to get over to the board walk and handed him—

"Q. You stepped upon the plank without taking any thought about it at all? A. Yes."

While cities and towns charged with the duty and provided with the means of keeping their streets and sidewalks in repair are not insurers of the safety of their streets and sidewalks, they must exercise reasonable care to keep them in a safe condition for travel in the ordinary modes, and are liable in damages for their negligent failure to do so to one who, while

traveling and exercising ordinary care, is injured by reason of their negligence. See *City of Richmond* v. *Courtney*, 32 Gratt. 792, 799; *Moore* v. *City of Richmond*, 85 Va. 538-9, 8 S. E. 387; 2 Dillon on Mun. Corp. (4th ed.), sec. 1119.

But in order to make the city liable it is necessary "that the plaintiff should have been using reasonable or ordinary care to avoid the accident; or, in other words, he must be free of any such fault or neglect on his part as will in actions for negligence defeat a recovery." 2 Dillon on Mun. Corp., sec. 1020. *City of Richmond* v. *Courtney, supra; Winchester* v. *Carroll,* 99 Va. 728, 743-4, 40 S. E. 37.

It is also settled law that a person using the street or sidewalk in the ordinary manner has the right, *in the absence of knowledge to the contrary,* to act on the assumption that the street or sidewalk is in a reasonalby or ordinarily safe condition, and is not as a matter of law required to be on the lookout for defects or obstructions. See 28 Cyc. 1419-20; 2 Dillon Mun. Corp., sec. 1007; *City of Richmond* v. *Courtney, supra,* 792, 800-2; *City of Winchester* v. *Carroll, supra,* 743-4.

But where he has notice of the defective condition of the street or sidewalk, and especially where he is using them not in the manner in which they are ordinarily used or intended to be used, he cannot of course assume that they are in an ordinarily good condition and act upon that assumption. In such a case he must exercise care and prudence in proportion to the danger from the known defect and the different use to which he is putting the street or sidewalk. See same authorities.

In this case, as we have seen, while the plaintiff did not know that the board upon which she stepped was not properly fastened, she did know that many boards on the sidewalk were loose and would tilt or give way if she stepped upon them outside of where they rested upon the stringer; yet, notwithstanding this knowledge, she drove up to the sidewalk, not at a crossing, and on the side next to the street where it was about two feet higher than the street, and stepped from the vehicle upon the end of

the board which injured her, without exercising any care either in seeing that it was fastened to the stringer, or by stepping upon it inside of the stringers, or where it rested upon the stringer next to her. Either of these precautions would have prevented the injury, and with her knowledge of the condition of the sidewalk it is clear that however negligent the town may have been in the performance of its duty, the plaintiff failed to exercise that degree of care which, according to her own testimony and the undisputed evidence of the case, the law made it her duty to use.

Reasonable care and diligence on her part would have prevented the accident. Where the plaintiff has failed to exercise such care in cases like this, there can be no recovery. *City of Richmond* v. *Courtney, supra,* pp. 800-801.

We are of opinion, therefore, that the judgment of the circuit court should be reversed, the demurrer to the evidence sustained, and judgment entered in favor of the defendant corporation.

*Reversed.*