Hazel Proud, Appellee, v. Arthur J. Adelberg and Lillian Berndt, Appellants.

Gen. No. 39,142.

Opinion filed May 19, 1937.

ROBERTSON, CROWE & SPENCE, of Chicago, for appellants; EUGENE P. KEALY, of Chicago, of counsel.

WRIGHT & KAMIN and EDWARD T. DUDAY, all of Chicago, for appellee; ALFRED KAMIN, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment entered in the circuit court for $2,000 in favor of plaintiff, Hazel Proud, for personal injuries which she received while riding in the automobile owned by Arthur J. Adelberg which, at the time of the accident was being driven by Lillian Berndt, and from which judgment the defendants bring this appeal.

The suit was brought under the so-called "Guest Statute" of the Illinois Motor Vehicle Act and the declaration consisted of one count, in which plaintiff charges that Lillian Berndt was the agent of the other defendant, Arthur J. Adelberg; that the plaintiff was their passenger and that the defendants individually and by agent or servant with conscious indifference to surrounding circumstances and conditions, wilfully and wantonly drove the said automobile off the highway into a ditch, resulting in the injuries of which plaintiff complains, etc.

Answers denying the allegations were filed by the defendants. No questions are raised as to the pleadings.

The facts as disclosed by the evidence are substantially as follows: The plaintiff, a young lady about 23 years of age at the time of the accident, was one of a party of four women who were going by automobile from the home of defendant Adelberg, which was located at 3040 North Whipple street, Chicago, to a golf course located on Lake avenue, about one-half mile east of Waukegan Road, west of the Village of Wilmette. The defendant Arthur J. Adelberg, is a practicing dentist with offices on the northwest side and who resides at 3040 North Whipple street with his wife and family.

The evidence further discloses that on the evening of August 12, 1932, plaintiff went to Dr. Adelberg's office regarding some dental work; that plaintiff knew the defendant Dr. Adelberg, having been previously introduced to him by her husband who had known the doctor for some years; that at the doctor's office she and her husband met two men friends of the doctor; that some conversation was had about the men going out to play golf on Lake avenue, near Wilmette, and it was finally agreed that they would all go to Dr. Adelberg's home at 3040 North Whipple street; that at the

doctor's home they met Mrs. Lillian Berndt, a neighbor of the Adelbergs' who was visiting there when they arrived, and it was agreed that the four men would go out to the golf course and that the plaintiff, Mrs. Lillian Berndt, codefendant, Mrs. Adelberg, wife of Dr. Adelberg and a Miss Lois Helquist, a niece of Mrs. Adelberg's would drive out later in Dr. Adelberg's car; that the doctor's wife did not drive an automobile and the doctor gave the keys to his car to Mrs. Lillian Berndt so that she might drive it; that Mrs. Lillian Berndt was an experienced driver, having driven a car for 11 years and having driven the Adelbergs' car on several previous occasions.

The evidence further discloses that the automobile in which plaintiff was a passenger was driven to Elston avenue, and then on Milwaukee avenue to the Waukegan Road and then north on Waukegan Road; that the maximum speed on the trip was between 35 and 40 miles an hour; that Waukegan Road is a 4-lane highway and Lake avenue, which is not a through street but ends at Waukegan Road, is also a 4-lane highway for a distance of about 250 feet east of Waukegan Road, where it narrows down to a 2-lane highway; that the defendant Mrs. Berndt had never driven on Lake avenue before; that it was a moonlight night and the lights on the automobiles were lighted and cast a light on the pavement for approximately 50 feet ahead of the automobile; that as the defendant Lillian Berndt continued east the automobile went off the paved portion of the road and on to what is known as a "shoulder" of the pavement, being a strip of gravel about two feet wide and beyond that was a strip of grass which sloped down into a ditch; that when the automobile was on this strip of grass, the defendant Mrs. Berndt tried to turn the car back on to the road, but it slid down after traveling about 50 feet and

struck a culvert, injuring the plaintiff as well as the driver of said automobile.

Hazel Proud, the plaintiff, testified that the defendant, Mrs. Lillian Berndt, at the time of the accident had her head turned and was talking to the other parties in the back seat, which said defendant denies; that when the car turned east on Lake avenue she said to the defendant, "Oh, lady, you are off the road" and that defendant continued to drive this way, except that she may have put on the brakes as they slowed down, until they slid into the ditch; that defendant had practically abandoned the car until it landed in the ditch and hit the cement culvert which was over the ditch.

Plaintiff further testified that on the way out to the golf course the defendant Mrs. Berndt drove the car at a speed of from 50 to 55 miles an hour while driving on Waukegan Road; that when she turned the corner at Lake avenue she was going at the rate of 35 miles an hour and made a wide turn, going on to the left side of the street because of her speed. This evidence was contradicted by the other witnesses who stated that they traveled at a speed of 30 to 40 miles an hour and that the defendant, Mrs. Berndt, testified that she went around the corner at Lake avenue at about 22 miles an hour. Plaintiff further testified that she was annoyed· by the defendant looking around constantly.

There is no evidence in the record as to what is supposed to be the legal and proper speed in that territory, and there is no charge that defendant violated any law or any ordinance, nor is there any evidence as to the nature of the territory, whether it was built up or congested, or a typical country highway.

The defendant Lillian Berndt testified that she had driven an automobile for nearly 11 years; that she had driven Dr. Adelberg's car several times prior to the time of the accident; that she drove the car on the occasion in question at the rate of 35 to 40 miles an hour; that she had never driven on Lake avenue prior to the

time of the accident; that as she turned on to Lake avenue, the clear headlights of an automobile approaching from the opposite direction blinded her so that she could not see that Lake avenue suddenly tapered down from a 4-lane highway to a 2-lane highway; that the automobile went about 50 feet after the lights blinded her; that she had been driving on the shoulder of the road about 50 feet before she realized it and that she then felt the car slipping and attempted to turn back on to the road; that after leaving the gravel she went a few feet before striking the culvert; that the plaintiff said nothing to her about being off the road; that an automobile was approaching her at about 35 miles an hour.

The defendant Lillian Berndt further testified that when she got out of the car her head was bleeding; that she had hit the shift gear with her knee and the steering wheel crushed her chest.

All the witnesses who rode in the automobile with Mrs. Berndt agreed that in driving out to the golf course they were stopped many times by the changing of traffic lights and that the driver of the automobile observed all of them.

Dr. Adelberg, one of the defendants, testified that Mrs. Berndt had driven his car on 10 or 12 occasions previous to the time of the accident; that his car was in good mechanical order and the lights were in good working order.

Counsel for plaintiff contends that the evidence shows, as alleged in the declaration, wilful and wanton misconduct which proximately caused the accident, as a result of which plaintiff was injured; that Dr. Adelberg, by his agent or servant, the other defendant, with conscious indifference to surrounding circumstances and conditions, wilfully and wantonly drove the said automobile off the highway into a ditch adjacent thereto, etc.

Counsel for defendants contend that while there may have been negligence, there was no evidence of wilful and wanton misconduct on the part of the defendants.

The first and only question to determine is whether or not the evidence is sufficient to show wilful and wanton misconduct on the part of defendants.

In *Provenzano v. Illinois Cent. R. Co.*, 357 Ill. 192, at page 195, the Supreme Court said:

"In order to constitute wilful and wanton misconduct the injury must either have been intentionally inflicted, or produced by acts so grossly negligent as to exhibit a reckless disregard for the safety of others."

In *Streeter v. Humrichouse*, 357 Ill. 234, at page 238, the court said:

"Ill-will is not a necessary element of a wanton act. To constitute an act wanton, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of the surrounding circumstances and conditions, that his conduct will naturally and probably result in injury. An intentional disregard of a known duty necessary to the safety of the person or property of another, and an entire absence of care for the life, person or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness."

In *Nosko v. O'Donnell*, 260 Ill. App. 544, the court at page 551, said: "Primarily, the words 'wilful and wanton' convey the thought of intentional injury, and this is undoubtedly the reason that contributory negligence is not allowed as a defense to an action charging facts which constitute wilfulness and wantonness. This does not mean that there must be proof that defendant was actuated by ill will (*Illinois Cent. R. Co. v. Eicher*, 202 Ill. 556), but a consideration of the cases discloses that the conduct which in law will be held wil-

ful and wanton must be either such conduct as intentionally inflicts an injury or conduct which ethically, under the facts and circumstances appearing, is the equivalent thereof.''

In passing upon the question as to whether or not the defendant, Dr. Adelberg, could be guilty of wilful and wanton misconduct at the time of the accident, when he was several miles away playing golf, we do not believe the evidence here shows any wilful or wanton act on his part or on the part of the other defendant, Mrs. Lillian Berndt.

The evidence shows that Dr. Adelberg, the principal defendant, evidently desiring to entertain and provide a pleasant time for some of his friends, which included his patient, the plaintiff, and her husband, conceived the idea of taking them all out to the golf club for the evening. To accomplish this purpose the men preceded the ladies on the trip out to the club as the men wanted to play some golf. In order that the doctor's wife and the other women would have means of transportation to the golf club he gave the keys to his automobile to Mrs. Lillian Berndt, the other defendant, herein, and at the time his car was in good mechanical condition. Mrs. Berndt, as shown by the evidence was an experienced driver, having driven some 10 or 11 years and had driven this particular automobile on some 10 or 12 occasions previous to the time of the accident.

The evidence further shows that she drove the car at a reasonable rate of speed, observing the traffic signals, and apparently used due care in the operation of the automobile; that as she approached the intersection where Lake avenue joins Waukegan Road, she turned to the right and was blinded by the lights of an automobile which was approaching from the opposite direction. At that point the road narrowed down to a 2-lane highway. The driver did not know that the

road narrowed down at that point as she had never been on it before and made the mistake of continuing straight ahead. No one advised her of the narrowing of the road and, as soon as she became conscious of it, she tried to right the car by turning on to the concrete, but the automobile apparently slipped on the grass at the edge of the gravel and she was unable to get back on the road and struck a culvert. She was injured as well as the plaintiff. From the evidence before us it appears that the accident was inevitable. There were no lights there or other signals to warn the driver of the automobile of the danger ahead or that the road narrowed down and with the bright lights of an approaching automobile temporarily blinding her, she did not notice that the road narrowed down to a 2-lane road.

Plaintiff contends that the driver of the automobile had her head turned, talking to the parties in the rear seat at the time of the accident, but this is denied by the defendant and the other witnesses.

In the case of *McGuire v. McGannon*, 283 Ill. App. 293, the court in quoting from *Jones v. Massie,* 158 Va. 121, 163 S. E. 63, at page 302, said:

" 'The law is well settled that a person using a street or public way in the ordinary manner has the right, in the absence of knowledge to the contrary, to act on the assumption that the street or way, throughout its entire width, or so much of it as is intended for travel, is in a reasonably safe condition, and he is not required as a matter of law to be on the lookout for defects or obstructions therein.' *City of Richmond v. Courtney,* 32 Grat. (73 Va.) 792; 43 C. J. 1078; *Bedford City v. Sitwell,* 110 Va. 296, 65 S. E. 471. . . .' "

And in the same opinion, Mr. Justice Hebel speaking for the court at page 301, said:

"The driver of the automobile for the defendant is charged with wilful and wanton conduct in the operation of the automobile as his agent. Apparently, from

the record, the operation of the car by her was careful, and was questioned by the plaintiff only as to the intersection in question. It seems rather strange that this driver would operate the car in so wilful and wanton a manner as to be chargeable with a desire to injure the occupants of the very car of which she was the driver. This would seem to be contrary to the law of self-preservation. The mishap occurred not because of acts which were wilful or wanton, but for the reason that the spotlight interfered with her vision, and the further fact that the end of the road was not so protected that drivers of oncoming cars would be warned as to the condition of the road beyond the end of the concrete pavement.''

It is contended by the plaintiff that the case of *Murphy v. King,* 284 Ill. App. 74, opinion by writer, supports the position they take in the case at bar. In that case this court said: ''It may well be that a segregated single act, such as passing a stop light, excessive speed or the non-observance of a through street, if taken by itself, would not show wilfulness or wantonness, but when considered collectively under the circumstances presented, together with the result flowing therefrom, these acts show such a conscious indifference as to consequences as to render defendant's act wilful and wanton.''

In the *Murphy* case, the reckless acts of the driver of the automobile were continuous, over the protests of her passenger, and in violation of the laws, and directly contributed to and were the proximate cause of the accident. In the instant case the testimony of plaintiff that the driver exceeded the speed limit, without any protest, on Waukegan Road several miles from the point where the accident occurred, would, if it were true, have no direct connection with the driver running off the road on Lake avenue several miles beyond that point.

From a careful review of facts and circumstances presented to us and the law applicable thereto, we do not believe the evidence shows wilful and wanton misconduct on the part of the driver and certainly not on the part of Dr. Adelberg who, at the time of the accident was playing golf several miles away. We do not believe the evidence as shown in the record supports the verdict and judgment of the circuit court.

For the reasons herein given the judgment of the circuit court is reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

HEBEL and HALL, JJ., concur.