# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## City of Richmond, a Municipal Corporation v. Ruth McDonald.

March 5, 1945.

Record No. 2894.

Present, All the Justices.

The opinion states the case.

*Horace H. Edwards* and *Olin A. Rogers,* for the plaintiff in error.

*A. Clair Sager*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Mrs. Ruth McDonald, the plaintiff below, while walking across the intersection of Eighth and Stockton streets, in the city of Richmond, fell and was injured as the result of striking her foot against a surveyor's wooden stake which had been driven into the asphalt pavement at the extreme edge of the crosswalk. The top of the stake was two inches square, and at the time of the incident it protruded five-eighths of an inch above the level of the pavement. It had been placed there some ten months previous by the city's engineering department in connection with a contemplated street improvement. While originally the stake had been driven flush with the pavement, the subsequent frost action had lifted it to the extent stated. When this occurred or how long it had continued the record does not show.

Mrs. McDonald recovered a verdict and judgment of $500 against the city for damages for her injuries, upon the theory that the city was negligent in that it had failed to exercise ordinary care to make the crosswalk reasonably safe for the use of pedestrians.

The city seeks a reversal of the judgment mainly upon the ground that the evidence fails to show that it was negligent,—that is, that the protrusion of the stake only five-eighths of an inch above the surface of the pavement was not an actionable defect. It also contends that there was no showing that the city had actual or constructive notice of the obstruction. The conclusion which we have reached with respect to the city's first contention makes it unnecessary that we pass upon the other.

In *Richmond* v. *Courtney*, 32 Gratt. (73 Va.) 792, 798, this court said:

"A municipal corporation is not an insurer against accidents upon its streets and sidewalks.

"Nor is every defect therein, though it may cause the injury sued for, actionable. It is sufficient if the streets are in a reasonably safe condition for travel in the ordinary modes, by night as well as by day. It is not to be expected, and ought not to be required, that a city should keep its streets at perfectly level and even surface. * * * "

This principle has been repeatedly reaffirmed by us. For example, see *Richmond* v. *Schonberger*, 111 Va. 168, 171, 68 S. E. 284, 29 L. R. A. (N. S.) 180; *Roanoke* v. *Sutherland*, 159 Va. 749, 755, 167 S. E. 243.

In the *Schonberger Case*, *supra*, this court, speaking through Judge Keith, held that a piece of stone, projecting "about two inches" above the level of the flagstones in a crosswalk, was not an actionable defect. The case at bar, in our opinion, can not be distinguished from that case.

In the *Sutherland Case*, *supra*, we held that a difference of one and one-eighth inches in the level of the adjacent edges of two blocks of concrete pavement in a sidewalk was not an actionable defect. There Mr. Justice Browning, after reviewing the previous decisions of this court and other pertinent authorities on the subject, pointed out (159 Va., at page 759) that innumerable slight defects of this character "are found in the streets and sidewalks in every village, town, and city," and that to hold the municipalities liable in such cases would make them insurers against injuries to those using such walkways. The same applies here.

In so far as the two are in conflict, the effect of the decision in the *Sutherland Case*, *supra*, was to overrule the holding in *Richmond* v. *Rose*, 127 Va. 772, 102 S. E. 561, 105 S. E. 554. This is clearly pointed out in the dissenting opinion of Mr. Justice Hudgins in the *Sutherland Case* (159 Va. 749, at page 760, 167 S. E. 243).

We are of opinion that upon the reasoning in the *Schonberger* and *Sutherland Cases*, *supra*, which need not be repeated, the evidence fails to show that the city of Rich-

mond was guilty of actionable negligence in the case before us. Accordingly, the judgment complained of must be set aside and a final judgment entered in the city's favor.

*Reversed and final judgment.*