# Richmond

## Theodore L. Hill v. City of Richmond.

June 20, 1949.

Record No. 3500.

Present, Hudgins, C. J., and Spratley, Buchanan, Staples and Miller, JJ.

The opinion states the case.

*Bowles, Anderson & Boyd*, for the plaintiff in error.

*J. Elliott Drinard* and *Olin A. Rogers*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Plaintiff fell and broke his leg while walking along Marshall street, in the city of Richmond. He sued the city and the owners of the property in front of which he fell, claiming that his injury was due to a defect in the sidewalk, and recovered a verdict for $2,000, which the trial court set aside. There was no evidence against the property owners; they are not parties here and the case will be considered as a suit against the city.

The accident occurred shortly after 1:00 p. m. on December 15, 1945. Plaintiff and his wife lived on Smith street, about half a block from Marshall. They were on their way to the market and were walking west on the sidewalk on the north side of Marshall. Plaintiff's wife was walking about the middle of the walk and he was to her left. It was snowing at the time and had been during the morning, so

that the sidewalk was covered with snow. At a point in front of No. 702 West Marshall street the plaintiff slipped and fell, with the result stated.

The city introduced no witnesses and the case was submitted to the jury on the evidence for the plaintiff, along with a view of the premises taken by the court and the jury. On this writ of error three questions were argued: (1) Whether the alleged defect was the proximate cause of the plaintiff's injury; (2) whether actionable negligence on the part of the city had been proved, and (3) whether the plaintiff was guilty of contributory negligence.

The place where plaintiff fell was a depression in the sidewalk, shaped like a saucer or shallow bowl, with a diameter of four and one-half feet, as measured from north to south and from east to west. It was four inches deep at the center, or lowest point, to which it sloped fairly gradually and uniformly from the circumference, as appears from the photographs introduced by the plaintiff. The south edge of the depression appears to begin at the curb and at its east side is a water or gas meter. The plaintiff indicated by a mark on a photograph that he slipped and fell at the north edge of this meter.

It was argued for the city that the plaintiff's evidence does not show that he fell at this depression or that the depression caused or contributed to his fall. It is sufficient to say on this point that the evidence adequately identifies this depression as the place where plaintiff slipped and fell, and establishes its relation to the accident as a proximate cause.

Since we are of opinion that the evidence shows that the plaintiff was guilty of negligence which contributed to his injury, it is not necessary that we decide whether the evidence was sufficient to provide a jury question on the issue of actionable negligence on the part of the city. We may say in passing that it is a very close question in this case.

In an early case, *Richmond* v. *Courtney*, 32 Gratt. (73 Va.) 792, it was held that a municipal corporation is not an

insurer against accidents upon its streets and sidewalks, and not every defect therein is actionable, though it may cause the injury sued for; that it is not to be expected, and ought not to be required, that a city should keep its streets perfectly even and level; that slight obstructions or depressions, in the nature of things, cannot be prevented; that it is sufficient if the streets are in a reasonably safe condition for travel in the ordinary modes, by night as well as by day. That principle has been reaffirmed repeatedly, *Richmond* v. *McDonald,* 183 Va. 694, 33 S. E. (2d) 186, and such is the general rule, 25 Am. Jur., Highways, section 348, pp. 641-4.

When the defect is so slight or ordinary that no careful or prudent person would reasonably anticipate any danger from its existence, then as matter of law there is no actionable negligence. *Roanoke* v. *Sutherland,* 159 Va. 749, 167 S. E. 243. Applying this rule we have held that there was no liability on the city for injuries caused by a depression 3 x 5 feet and of a depth equal to the thickness of the bricks that had been removed (*Richmond* v. *Courtney, supra*); by a drain four inches deep and 18 inches to two feet wide (*Charlottesville* v. *Failes,* 103 Va. 53, 48 S. E. 511); by a depression extending 12 feet in the middle of the sidewalk, parallel to the curb, of a depth averaging three-fourths of an inch (*Roanoke* v. *Sutherland, supra*); by a depression two feet long, seven inches wide and averaging one inch in depth (*Staunton* v. *Kerr,* 160 Va. 420, 168 S. E. 326); by a depression 15 inches long, eight inches wide and one and five-eighths inches deep (*Childress* v. *Richmond,* 181 Va. 267, 24 S. E. (2d) 419).

Likewise it has been held that there was no liability in cases of slight projections, as in *Richmond* v. *Schonberger,* 111 Va. 174, 68 S. E. 284 (2 inches); *Richmond* v. *McDonald, supra* (five-eighths of an inch); but recoveries were sustained in *Richmond* v. *Rose,* 127 Va. 772, 102 S. E. 561 (maximum of two inches), and in *Buck* v. *Danville,* 177 Va. 582, 15 S. E. (2d) 31 (two inches), in which two latter cases it was said that decided cases are not very help-

ful but that decision must rest on the particular facts in the particular case.

As illustrating this conclusion see annotation in 119 A. L. R. at page 161, to the case of *Ray* v. *Salt Lake City*, 92 Utah 412, 69 P. (2d) 256, in which a great number of cases are collected, some holding that the defect was too slight or trivial to charge the municipality with negligence, and others that the question was for the jury. Cases are cited in which the same court has reached opposite conclusions on facts not readily distinguishable. See also 25 Am. Jur., Highways, section 488, pp. 774-6.

 In the present case, if it be conceded that the evidence was sufficient to support the finding of the jury that the city was negligent, the plaintiff's own testimony convicted him of negligence and required that the verdict in his favor be set aside.

That evidence leaves it without question that the plaintiff was perfectly familiar with the defect which he says the city was negligent in permitting. The cause of the defect is not shown but the evidence is that it had been there about six years. The plaintiff testified that he lived in the next block for ten years. He was questioned as to how he knew this depression was the place where he fell. He said, "I know where I seen it and I know—I have been up there—lived in that block at 606 for ten years· on Marshall Street." At the time of his fall he was living within one-half block of Marshall street and quite near the scene of his fall. His wife testified that on that day they were proceeding in the usual way up Marshall street, where she had been before with her husband to bring the groceries home. Plaintiff himself testified that he had been dealing for some length of time with the market to which they were going; that this was their usual way of travel and that in going to the market he passed right by this place.

He further testified that he didn't know whether anybody had walked along there in the snow, because he was not paying any attention, "just walking on talking when my foot

slipped." He said nobody was on the street at that time that he remembered and that there were no objects or obstructions that he had to avoid.

He was asked whether he had ever seen that place in the sidewalk before and he answered:

"A. I have seen that, yes.
"Q. Had you seen it before the day you were hurt?
"A. Naturally, I seen it.
"Q. I say had you seen it before that day?
"A. Oh, yes, sir.
"Q. In going to the market you had to pass right by it?
"A. Yes."

The hole in which he claimed to have stepped was in line with the treebox area along the curb, and was adjacent to the curb. The photographs show, as stated, that the inside of one of the curbstones formed the south rim of the depression. The evidence does not show the width of the sidewalk other than that it was the average, usual sidewalk, "not a small one," the plaintiff said. It was of ample width for the plaintiff to walk on the right half and there was no person or object to prevent his doing so.

It is true that he testified that because of the snow he could not tell exactly where the hole was. "The snow was on the ground," he said, "and when you are going—walking on that street you don't pick the place you walk in the snow, but I wasn't looking at the time." But even so, he knew that this hole was over on his left near the curb, almost exactly in line with the treeboxes. He may not have remembered its exact position, but regardless of the snow he knew its general location near the curb. He had passed it time and again in the years that he had lived in that neighborhood and had walked along that street. Very slight care would have caused him to avoid walking to his left near the curb where he knew the hole was.

The court instructed the jury that if the plaintiff knew of the condition he now complains of, but failed to remember it and stepped in or on the dangerous place through

inattention or inadvertence, they should find for the defendant. The evidence establishes without conflict that that is what happened, and it is clear that the verdict was contrary to that instruction.

In *Richmond* v. *Courtney*, *supra*, the plaintiff testified it was getting dusk and she could hardly see at all; she knew of the broken place in the sidewalk that caused her to fall, but she was troubled and in a hurry and did not think of it. While the court divided on the question of the city's negligence, it was unanimous in holding that the plaintiff could not recover "for, according to her own evidence, she well knew of the broken place in the sidewalk where her fall occurred, and went on the opposite side of the street in going to the drugstore to avoid it. Knowing the defect, she might, with ordinary care have avoided the defective sidewalk by simply passing on the same side of the street on which she had walked to the drugstore. Reasonable care and diligence on her part would have prevented the injury." 32 Gratt. (73 Va.) at p. 800.

In *Winchester* v. *Carroll*, 99 Va. 727, 40 S. E. 37, the sidewalk was more than three feet higher than the surface of the street and there were no barriers or guard-rails to protect it. Plaintiff had passed by it and walked over it frequently, and for a time lived in sight of it. Before it was dark on the night she was hurt she walked up the steps at the end of this sidewalk to go to commencement exercises. It was dark when she came out. The sidewalk was crowded and, forgetting its elevation, she stepped from it into the street and was injured. The court discussed the difference in the situation of a plaintiff who does not know of a defect and of one who does know, and as to the latter said:

"But a different principle applies to a case in which a person who *with knowledge* of conditions rendering an attempt to pass from a sidewalk to a street obviously and imminently dangerous, nevertheless, from inadvertence or inattention, steps from the one to the other, in the dark, and is injured. Such conduct would amount to contributory

negligence *per se*, and would bar a recovery, however negligent the city may have been." 99 Va. at p. 744, 40 S. E. at p. 40.

In *Bedford City* v. *Sitwell*, 110 Va. 296, 65 S. E. 471, the plaintiff stepped on the end of a board in the sidewalk which flew up and struck her in the face. While the plaintiff did not know that the particular board was not properly fastened, she did know that many boards on the sidewalk were loose and would tilt if she stepped upon them outside of where they rested on the supporting stringer; "yet, notwithstanding this knowledge, she drove up to the sidewalk, not at a crossing, and on the side next to the street where it was about two feet higher than the street, and stepped from the vehicle upon the end of the board which injured her, without exercising any care either in seeing that it was fastened to the stringer, or by stepping upon it inside of the stringers, or where it rested upon the stringer next to her. Either of these precautions would have prevented the injury, and with her knowledge of the condition of the sidewalk it is clear that however negligent the town may have been in the performance of its duty, the plaintiff failed to exercise that degree of care which, according to her own testimony and the undisputed evidence of the case, the law made it her duty to use." 110 Va. at pp. 299-300, 65 S. E. at p. 472.

In *Bohlkin* v. *Portsmouth*, 146 Va. 340, 131 S. E. 790, the plaintiff fell over a meter box standing five or six inches above street level in an unlighted street or lane on a dark, rainy night. Plaintiff had passed by it many times and, the court said, "was obliged to have known of its presence." It was held she was guilty of contributory negligence in going through the unimproved street, with full knowledge of its unsafe condition, when there was another convenient and safe way. See also, *Thompson* v. *Bellingham*, 112 Wash. 583, 192 P. 952, 19 A. L. R. 864, and note at p. 869.

It has been held often that a plaintiff cannot recover if he is injured in falling over a defect he should have seen. *Staunton* v. *Kerr, supra; South Norfolk* v. *Dail*, 187 Va. 495,

47 S. E. (2d) 405. While there is difference of opinion on the subject, we think the better rule, and the one that accords with our own holdings above referred to, is that he likewise cannot recover if he knew of the defect and fell because of forgetfulness or inattention, in the absence of any reasonable excuse for being heedless. The city owes the traveler the duty to keep its streets and sidewalks reasonably safe for persons to pass over, but the traveler owes the city the duty to use his senses and not to walk into defects that he is familiar with and could easily avoid by the exercise of ordinary care. *Birmingham* v. *Edwards*, 201 Ala. 251, 77 So. 841; *Knoxville* v. *Cain*, 128 Tenn. 250, 159 S. W. 1084; *Lyon* v. *Grand Rapids*, 121 Wis. 609, 99 N. W. 311; note to *Lerner* v. *Philadelphia*, 221 Pa. 294, 70 A. 755; 21 L. R. A. (N. S.) 614, at pp. 651, 659.

Here the plaintiff knew of the existence of the depression; he passed by it frequently and had seen it many times. It was over near the curb to his left. There was plenty of room on the right for him to walk, where he would not have stepped into the depression. There was nobody nor was there anything on the street to distract his attention, and no object that he had to avoid. Yet, without any reasonable excuse for his forgetfulness and inattention, and with a perfectly safe and convenient way in front of him on the right of the sidewalk, he failed to pay attention to where he was going, carelessly walked along the side where he knew the defect was and stepped into the depression with which he was entirely familiar.

The snow could not have interfered with his vision more than darkness would have done. In fact, there would normally be a depression in the snow corresponding with the depression in the walk to remind the plaintiff of the condition he had so often seen.

The plaintiff should not recover when his own fault contributed to his hurt. The action of the court below in setting aside the verdict was right and its judgment is accordingly

*Affirmed.*