## CIRCUIT COURT OF THE CITY OF RICHMOND

Gloria Singleton

v.

City of Richmond

April 24, 1990

Case No. LR-1635-3

By JUDGE RANDALL G. JOHNSON

Plaintiff filed this suit seeking damages for personal injuries which she sustained in May, 1988, when she tripped and fell over a portion of a metal post which was sticking out of the ground between the curb and sidewalk in front of her next door neighbor's house. A jury trial resulted in a verdict in plaintiff's favor for $10,000. The city moved to set aside the verdict on the grounds of governmental immunity and contributory negligence, which motion was taken under advisement. The court also invited counsel to file written memoranda in support of their positions, and those memoranda have now been submitted. The relevant facts follow.

In October, 1987, an unidentified hit-and-run driver struck a parked vehicle and a no parking sign in front of plaintiff's neighbor's house. As a result, the metal post of the no parking sign, which was located between the curb and sidewalk, was broken off, leaving a "stub" approximately twenty inches long sticking out of the ground. The sign and the rest of the post were on the ground beside the stub. All of these items remained there until the time of plaintiff's fall, the stub never having been moved

from the position in which it was left after the October hit-and-run accident.[1]

On the evening of May 28, 1988, more than seven months after the sign was damaged, plaintiff was alighting from the passenger seat of a friend's van in front of her neighbor's house, the parking spaces in front of plaintiff's home being occupied by other cars. It was dark. As she closed the door of the van, she "backed up" and tripped over the stub, thus causing the injuries for which she now sues.

The above facts are unquestionably sufficient to support the jury's finding of negligence on the part of the city. The existence of the dangerous condition caused by the stub of the metal post for nearly eight months makes any argument against the city's negligence nearly, if not actually, frivolous; and the city, to its credit, does not make such an argument here. The court also rejects the city's argument that it enjoys governmental immunity for its negligence, since it is now well settled that a city's maintenance of its streets and sidewalks, as well as the areas so near thereto as to endanger public travel thereon, is a proprietary function to which governmental immunity does not apply. *See generally*, 17 M.J., *Streets and Highways*, § 116, and the cases there cited. The real question here is whether the plaintiff was guilty of contributory negligence as a matter of law.

The city's arguments in support of its contributory negligence defense center around four principal factors as reasons for granting its motion. First, the city points to the fact that plaintiff had actual knowledge of the presence of the stub and the fact that it had not been repaired or removed by the city. Second, the city cites the fact that plaintiff's accident occurred at night. Third, the city states that the stub was located not on the travelled portion of a sidewalk, but on an adjacent grassy area. Fourth, the city points out that plaintiff was "backing" at the time of her fall. While the court is not con-

---

[1] There was testimony that a city work crew repaired or replaced a portion of the sidewalk near the sign sometime in October. The crew noticed that the sign had been knocked down but made no effort to remove the stub or the rest of the sign and post.

vinced that any one of these factors, standing alone, is sufficient to establish contributory negligence as a matter of law, and while the court is deeply concerned with what is considers to be an almost unconscionable failure of the city to correct the dangerous condition caused by the October hit-and-run accident, the court must reluctantly conclude that the combination of the four factors set out by the city requires a finding that plaintiff was contributorily negligent as a matter of law.

With regard to the first factor cited by the city, plaintiff admitted that she had actual knowledge of the stub. Not only did she come out of her house immediately after the October hit-and-run accident and see that the sign was broken, she also called the city on two occasions prior to her accident to complain about the stub and request its removal. The second call occurred after she had observed a child trip over the stub. The city cites these facts to argue that the Supreme Court's decision in *Hill v. City of Richmond*, 189 Va. 576, 53 S.E.2d 810 (1949), requires a finding of contributory negligence here.

In *Hill*, plaintiff sued for injuries sustained when he stepped into a depression in a sidewalk. The depression was "shaped like a saucer or shallow bowl, with a diameter of four and one-half feet . . . [and] was four inches deep at the center, or lowest point." 189 Va. at 578. The depression had been there for about six years, and the evidence "[left] it without question that the plaintiff was perfectly familiar with it." *Id.* at 580. Indeed, plaintiff testified that he had walked along that sidewalk many times before, that being his regular route to and from the grocery store which he and his wife frequented. *Id.* On the day of the accident, however, it had been snowing, and the sidewalk, as well as the depression, were covered with snow. Plaintiff testified that because of the snow, "he could not tell exactly where the hole was." *Id.* at 581. The trial court instructed the jury that "if the plaintiff knew of the condition he now complains of, *but failed to remember it* and stepped in or on the dangerous place through inattention or inadvertence, they should find for the defendant. *Id.* at 581-82 (emphasis added). The jury found for plaintiff. The trial court set aside the verdict, and the Supreme Court affirmed.

After discussing several cases dealing with the issue of contributory negligence, the Court concluded:

> While there is difference of opinion on the subject, we think the better rule, and the one that accords with our own holdings above referred to, is that he likewise cannot recover *if he knew of the defect and fell because of forgetfulness or inattention*, in the absence of any reasonable excuse for being heedless. The city owes the traveler the duty to keep its streets and sidewalks reasonably safe for persons to pass over, *but the traveler owes the city the duty to use his senses and not to walk into defects that he is familiar with* and could easily avoid by the exercise of ordinary care. *Id.* at 584 (emphasis added).

In spite of this fairly clear language, this court is not convinced that *Hill*, by itself, would mandate a finding of contributory negligence here. First, the defect in *Hill* had existed for six years, and plaintiff knew about it that entire time. Here, the defect had existed less than eight months. Second, the defect in *Hill* was located directly on the sidewalk over which plaintiff had travelled many times. He was, in fact, used to avoiding that particular spot. Here, the defect was located not on the sidewalk, but on the grassy area between the sidewalk and curb. Thus, it was not in a spot that plaintiff, or any other pedestrian, would have reason to "learn" to avoid.

Finally, this court at least wonders whether the Supreme Court would still adhere to the seemingly inflexible rule of *Hill* in light of its more recent decisions which seem to hold that the question of contributory negligence is almost always for the jury to decide. *See, e.g., Love v. Schmidt*, 239 Va. 357 (1990) (whether a plaintiff who *knew* that a toilet seat was defective but which appeared to be positioned properly was guilty of contributory negligence is a jury question); *Arnold v. Weinstein Management*, Record No. 890574 (summary reversal order entered September 13, 1989) (whether a tenant who *knew* of defective lock was guilty of contributory negligence in not taking precau-

tionary measures is jury question). In light of the above distinctions and possible shift in the thinking of the Supreme Court, this court is unwilling to hold that *Hill* alone requires setting aside the jury's verdict here. It does require that result, however, when considered with the other facts of this case.

Plaintiff's accident occurred sometime between 8:00 and 9:00 p.m. Plaintiff testified "it was dark." She also testified that a light across the street, which might have provided some illumination, was blocked by the van from which she was alighting. Next, plaintiff stepped out of the van not onto the sidewalk, but onto the grassy area between the sidewalk and the curb. As was said in *City of Norfolk v. Travis*, 149 Va. 523, 140 S.E. 641 (1927), "the traveller has not the right to assume that the spaces outside the sidewalk are reasonably safe for travel, and if he leaves the sidewalk and goes thereon, he may be guilty of contributory negligence that bars his recovery." 149 Va. at 531.

In light of the two preceding factors, darkness and the stub not being on the sidewalk, the fourth and final factor requires that the jury's verdict be set aside. Specifically, plaintiff testified that she got out of the van, *backed up* and tripped. While the court is unwilling to read *Hill v. City of Richmond* as requiring plaintiff to remember the precise location of a defect twenty-four hours a day for the rest of her life, or to hold that a pedestrian must either see in the dark or not travel at night, or that a city has *no* duty to maintain reasonably safe areas adjacent to sidewalks, the court cannot, in good conscience, find that reasonable minds can believe that a person who does have knowledge of a defect away from a sidewalk may walk in the general area of that defect in darkness *and backwards* without being guilty of contributory negligence. If anything, walking at night requires extra diligence. Walking on a grassy surface adjacent to a sidewalk, as opposed to the sidewalk itself, requires extra diligence. Walking in an area of a known defect requires extra diligence. Walking *backwards* at night in a grassy area in the vicinity of a known defect is, in this court's view, negligence. Moreover, it is negligence as a matter of law.

Finally, the court rejects plaintiff's argument that darkness and the location of the stub somehow excuse her actions. As stated above, it is precisely because it was dark and because she was walking on a surface other than the sidewalk that plaintiff should have been more careful. If she had been attempting to watch her step and had still tripped, a jury question may have been presented. The evidence is uncontroverted, however, that plaintiff was not watching her step but was, in fact, stepping backwards at the time of her accident. Under these circumstances, contributory negligence exists as a matter of law. The jury's verdict will be set aside, and judgment will be entered for the city.