# Richmond

ANNIE C. WARD V. WILLIAM H. CLARK, SR.

November 15, 1934.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*James G. Martin* and *Samuel E. Forwood,* for the plaintiff in error.

*I. W. Jacobs* and *Venable, Miller, Pilcher & Parsons,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

At the February Rules, 1933, Annie C. Ward filed her notice of motion against the defendant, William H. Clark, Sr., to recover damages for personal injuries incurred as the result of the alleged negligence of the defendant. The foundation for the action is laid in the notice of motion as follows:

"That heretofore, to-wit, on December 18, 1932, and for some time theretofore you the said William H. Clark, Sr., were the owner of, and the undersigned was living with her husband, a tenant in, a certain apartment house located on the southwestern corner of Thirtieth street and Llewellyn avenue, in the city of Norfolk, Virginia, and known as the

Eldredge apartment; that a day or two prior to the said 18th day of December, 1932, there was a fall of snow which covered the steps leading from the sidewalk to the front porch of said apartment house; that said steps were provided by you for the use of all tenants in said apartment house and others in entering and leaving the said building; that you, your agents, servants and employees carelessly and negligently permitted the said snow to remain on the steps through the night of December 17th and 18th, when it froze, causing the said steps to become very slippery; that you, your agents, servants and employees further carelessly and negligently permitted the said steps to remain in said slippery condition until after the undersigned was injured as hereinafter set out; that during the morning of the said 18th day of December, 1932, the undersigned attempted to leave the said building and descend the said steps and by reason of said slippery condition of said steps as the proximate result of your carelessness and negligence aforesaid the undersigned fell down and upon the said steps and was seriously and permanently injured and disfigured in and about all parts of her body and nervous system, causing her to suffer great pain of body and anguish of mind; * * *."

A jury was impanelled to try the issue and at the conclusion of plaintiff's evidence, counsel for the defendant made a motion to strike out all of the evidence introduced by the plaintiff on the grounds: (1) That no cause of action had been shown; (2) that the plaintiff was guilty of such contributory negligence as to bar a recovery.

The motion was sustained and the jury was given this instruction:

"Gentlemen, a motion has been made by counsel for the defendant to strike out the evidence from this case on the ground that there is no evidence sufficient upon which a verdict can be sustained. The court has stricken out the evidence and the jury are instructed that there is no evidence before the jury on which a verdict can be sustained, so that you can bring in a verdict to that effect."

Thereupon the jury returned a verdict for the defendant, and the court entered judgment thereon.

The errors assigned are:

"1. The court erred in striking out the evidence of plaintiff.

"2. The court erred in directing a verdict for the defendant contrary to section 6003 of the Code of Virginia."

In *Green* v. *Smith*, 153 Va. 675, 679, 151 S. E. 282, the trial court sustained the motion of the defendant to strike out plaintiff's evidence and instructed the jury as follows:

"The evidence in this case is insufficient to support a verdict for the plaintiff, and while under the letter of the law of Virginia a court cannot direct a verdict, I will frankly tell you that should you bring in a verdict for the plaintiff I would feel compelled to set it aside. With those instructions if you care to go to your room and find a verdict you can do so; otherwise, you may write up a verdict at the bar. Do you desire to go to your room and write a verdict or do you desire to remain seated and sign a verdict written by counsel for defendant?"

"The jury without retiring returned a verdict for the defendant."

In delivering the opinion of the court Mr. Justice Epes said:

"The first assignment of error is that the court erred in striking out the plaintiff's evidence. The second assignment of error is that the court erred in instructing the jury as above set forth, in that the instruction practically amounts to directing a verdict for the defendant.

"The determination of the questions raised by the first assignment of error is conclusive of the case at bar, for if the action of the court in striking out all the plaintiff's evidence was correct, the giving of the instruction complained of could not possibly have been prejudicial to the plaintiff; but, if the court erred in striking out the plaintiff's evidence, it of course follows that the giving of the instruction was also erroneous.

"It is now settled in Virginia, that a motion to strike

out all the plaintiff's evidence may be used wherever a demurrer to the evidence by the defendant will lie, or it plainly appears that the trial court would be compelled to set aside any verdict found for the plaintiff as being without evidence to support it. *Davis* v. *Rodgers,* 139 Va. 618, 124 S. E. 408; *Meade* v. *Saunders,* 151 Va. 636, 144 S. E. 711; *Barksdale, Adm'r* v. *Southern Ry. Co.,* 152 Va. 604, 148 S. E. 683; *Hentz* v. *Wallace's Adm'r,* 153 Va. 437, 150 S. E. 389. See, also, *Limbaugh* v. *Commonwealth,* 149 Va. 383, 140 S. E. 135."

That holding of this court has been consistently upheld in the subsequent cases and should be adhered to, unless in the wisdom of the court or the legislature it should be changed by a rule of court or by an act of the General Assembly.

The determination of the kindred questions involved in the case at bar is to be found in the application of the rule in the *Green Case, supra,* as the questions raised in the two cases are identical.

The evidence adduced by the plaintiff shows that the accident occurred on Sunday morning, the 18th day of December, 1932, while the plaintiff was attempting to descend the steps leading from the apartment house where she had resided for a period of fifteen years. Snow had fallen on Friday, followed by a rain on Saturday, which in turn was succeeded by freezing weather which began at midnight. No effort had been made by the janitor in charge to remove the ice from the steps until Sunday morning. The plaintiff on direct examination testified in part:

"Q. Tell the jury what happened to you on the morning of the 18th of last December.

"A. On the morning of the 18th of last December I was in perfect health, wonderful, and felt good, and I walked down the steps on my way to Sunday school. At 9:30 in the morning when I went on the porch I was horrified to see the situation of the steps filled with ice, and the janitor was chopping the ice at the top of the steps. I said, 'Will you give me your hand?' and before he even got one to me

part of the ice on the front part of the steps caused my feet to slip from under me and I shot out on the steps just like a shot out of a gun and fell on my left side and broke my leg.

"Q. When you slipped did you slip from the top of the steps?

"A. From the top of the porch.

"Q. Had the janitor touched your hand then?

"A. No, sir. He was this far away from my hand (indicating).

"Q. Something was said about some back stairs there?

"A. Yes, sir.

"Q. Do you use them?

"A. Very seldom.

"Q. Is there any way to use the back stairs when you get to the front porch unless you go back to your apartment and through that?

"A. No, sir.

"Q. Unless you went through somebody else's apartment?

"A. That was locked and unoccupied.

"Q. The downstairs apartment was unoccupied and locked?

"A. Yes, sir.

"Q. What use have you for this service back stairs?

"A. I very seldom go down the back stairs.

"Q. Were you dressed for church or Sunday school?

"A. Yes, sir, dressed for church.

"Q. How about the use of these back steps if you are dressed up?

"A. Well, of course, you could but they are dusty and narrow and no way to hold on and I didn't wish to go down there and I never think of such a thing as going down there when I am dressed for church."

On cross-examination the plaintiff admitted that though not as convenient as the front steps, there was a back stairway from which her exit from the apartment could have been readily accomplished; that she had infrequently made use of this back stairway; that she observed that the steps

were covered with ice and it looked "slippery and dangerous" but that she had on rubber overshoes and was anxious to keep an appointment as pianist at Sunday School.

In our opinion it is unnecessary to a decision of this case to advert to the alleged negligence of the defendant. By her own solemn admissions the plaintiff has clearly demonstrated that she was guilty of contributory negligence as a matter of law. Having a choice of two ways, one of which was safe and the other so dangerous that she was horrified at the condition, she selected the hazardous way without awaiting the proffered help of the janitor. When confronted by such a situation—a situation wherein the choice of ways by reason of an emergency was totally lacking—the law imposed upon her the duty of selecting as the means of exit the safe way. *Street's Adm'r* v. *N. & W. Ry. Co.,* 101 Va. 746, 45 S. E. 284; *Riverside & Dan River Cotton Mills* v. *Carter,* 113 Va. 346, 74 S. E. 183.

She, in her conscientious desire to meet her Sunday School appointment, was unwilling to await the outcome of the janitor's efforts to "chop" the ice from the steps. The presence of the janitor with hatchet in hand chopping away the ice was of itself a proclamation of danger, a danger which plaintiff admittedly recognized but heedlessly disregarded.

In support of the contention that the court directed a verdict for defendant contrary to section 6003, *Small* v. *Va. Ry. & Power Co.,* 125 Va. 416, 99 S. E. 525, and *Norfolk & W. Ry. Co.* v. *Simmons,* 127 Va. 419, 103 S. E. 609, are relied upon. In neither of those cases was the court considering the action of the trial court in sustaining a motion to strike out the evidence. It is a well settled rule that the burden of proof is upon the plaintiff to establish defendant's liability. When the court has sustained a motion to strike out the plaintiff's evidence, it would be futile for the jury to find for the plaintiff. In our opinion of the case it therefore follows, as was said in *Green* v. *Smith, supra,* "if the action of the court in striking out all the plaintiff's evidence was correct, the giving of the in-

struction complained of could not possibly have been prejudicial to the plaintiff."

Being of opinion that the action of the court in striking out all the plaintiff's evidence was correct, there is no merit in the second assignment of error.

The judgment will be affirmed.

*Affirmed.*