## Staunton

TOWN OF VIRGINIA BEACH, A MUNICIPAL CORPORATION v. NAOMI TRUSTIN STARR.

September 10, 1952.

Record No. 3936.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*Kellam & Kellam* and *Roy Smith,* for the plaintiff in error.

*Ashburn, Agelasto & Sellers,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This appeal involves a judgment recovered by Naomi Trustin Starr against the Town of Virginia Beach for personal injuries alleged to have been sustained by Mrs. Starr while walking along a public sidewalk in the town. The court overruled the motion of the defendant to set aside the verdict of the jury and entered judgment thereon, and we granted the defendant a writ of error.

The evidence disclosed that on April 8, 1950, about two p.m., Mrs. Starr, while walking north on the western sidewalk on Atlantic avenue abreast of her daughter, Mrs. Sacks, and a companion, Mrs. Berlin, fell and was injured. The day was bright and sunny and the walk was dry.

The sidewalk, constructed of concrete, is ten feet wide. An expansion joint runs down the center of the walk, and other expansion joints projecting right and left from the center joint cut the concrete walk into blocks five feet square. At a point where two of these lateral joints intersect the center joint there was a shallow crevice apparently caused by the spreading of the center expansion joint. The evidence disclosed the crevice to be from one to two inches deep and from one inch to an inch and a quarter in width.

The three members of the party testified that they saw the "defect" in the sidewalk before they reached it. Mrs. Starr testified on cross-examination:

"A. Yes. I saw the break in the sidewalk.
"Q. You saw it?
"A. I certainly did.

       *    *    *    *    *    *

"A. * * * I was walking along here and I saw this bad place, and with my right foot I stepped up on this block thinking it was safer to do so, and due to the elevation of the concrete, * * * my foot slipped in this hole, this shallow place, and

it pivoted and me and my whole body pitched forward. I lost my balance and down I went.

&ast; &ast; &ast; &ast; &ast; &ast;

"Q. You say you realized it was dangerous?

"A. Yes."

There were three pictures introduced in evidence, two of which were taken by Mrs. Sacks immediately after the accident. These exhibits show the expansion joint running north and south in the center of the sidewalk, leaving a five-foot smooth walking surface on each side of the alleged defect.

It was admitted that the condition of the sidewalk had obtained for more than five years and that no accident or injury had occurred at the location before the fall of the plaintiff nor had any report been made that the condition of the sidewalk was dangerous.

Several assignments of error are relied upon: First, the town strongly contends that no negligence on its part has been shown; second, that the plaintiff was guilty of contributory negligence as a matter of law; and third, that the court erred in its instructions to the jury.

As we view the case, it is not necessary for us to decide whether or not any negligence has been proven on the part of the town or whether or not the instructions were erroneous.

We hold that Mrs. Starr was guilty of contributory negligence as a matter of law which bars her recovery.

The evidence is without dispute that the condition of the sidewalk was open and obvious to anyone. The condition was certainly obvious to Mrs. Starr. She admits that she saw the "defect" and recognized it as a dangerous place. There was a smooth surface five feet on each side of the defect, where she could have walked in safety, yet she chose to undertake to walk over the "dangerous" crevice. Then her foot slipped, causing her to fall.

We have repeatedly held that where a defect is open and obvious to persons using a sidewalk it is their duty to observe the defect. Where there is no excuse for not seeing the defect one cannot recover. *South Norfolk* v. *Dail*, 187 Va. 495, 47 S. E. (2d) 405.

In *Staunton* v. *Kerr,* 160 Va. 420, 425, 426, 168 S. E. 326, we approved the quotation from *Lerner* v. *Philadelphia,* 221 Pa. 294, 70 A. 755, 21 L. R. A. (N. S.) 614:

■ "When one abandons the use of his natural senses for the time being, and chooses to walk over a pavement by faith exclusively, and is injured because of some defect in the pavement, he has only himself to blame. It is, of course, the duty of municipalities to see that the pavements along its streets are reasonably safe for public use; but they are not insurers of the safety of those using them. * * *

■ "When the accident occurs in broad daylight, in consequence of an open and exposed defect in the sidewalk, the burden rests upon the party complaining to show conditions outside of himself which prevented him seeing the defect, or which would excuse his failure to observe it. If such conditions exist, there is excuse for walking by faith. When they do not exist, the law charges the party with failure to do what was required of him, * * *".

In *Hill* v. *Richmond,* 189 Va. 576, 584, 53 S. E. (2d) 810, 813, 814, Mr. Justice Buchanan, speaking for the Court, said:

"The city owes the traveler the duty to keep its streets and sidewalks reasonably safe for persons to pass over, but the traveler owes the city the duty to use his senses and not to walk into defects that he is familiar with and could easily avoid by the exercise of ordinary care. *Birmingham* v. *Edwards,* 201 Ala. 251, 77 So. 841; *Mayor & Aldermen of Knoxville* v. *Cain,* 128 Tenn. (1 Thomp.) 250, 159 S. W. 1084, 48 L. R. A. (N. S.) 628, Ann. Cas. 1915B, 762; *Lyon* v. *Grand Rapids,* 121 Wis. 609, 99 N. W. 311; note to *Lerner* v. *Philadelphia,* 221 Pa. 294, 70 A. 755, 21 L. R. A. (N. S.) 614, at pages 651, 659.

"Here the plaintiff knew of the existence of the depression; he passed by it frequently and had seen it many times. It was over near the curb to his left. There was plenty of room on the right for him to walk, where he would not have stepped into the depression. There was nobody nor was there anything on the street to distract his attention, and no object that he had to avoid. Yet, without any reasonable excuse for his forgetfulness and inattention, and with a perfectly safe and convenient way in front of him on the right of the sidewalk, he failed to pay attention to where he was going, carelessly walked

along the side where he knew the defect was and stepped into the depression with which he was entirely familiar.''

In this case Mrs. Starr actually saw the ''dangerous'' defect and deliberately walked into it when other convenient and safe ways were open to her. She was the author of her own injuries and therefore cannot recover. *Kleng* v. *Buffalo,* 156 N. Y. 700, 51 N. E. 1091; *Whalen* v. *Citizens' Gaslight Co.,* 151 N. Y. 70, 45 N. E. 363.

For the reasons herein expressed the judgment of the trial court is reversed and final judgment will be entered here for the defendant.

*Reversed and final judgment.*