## ROCKY MOUNT SHOPPING CENTER ASSOCIATES

### v.

### LENA S. STEAGALL

Record No. 850539

June 10, 1988

Present: All the Justices

John T. Jessee (*Woods, Rogers & Hazlegrove*, on brief), for appellant.

David A. Melesco for appellee.

WHITING, J., delivered the opinion of the Court.

In this case, we decide whether a customer was guilty of contributory negligence as a matter of law in failing to look before stepping into an open and obvious depression surrounding a water meter cover on the premises of a shopping center.

Lena S. Steagall was injured when she fell on the premises owned by Rocky Mount Shopping Center Associates (the owner). She recovered a verdict for those injuries and a judgment upon the verdict against the owner, and it has appealed. In accordance with well-settled appellate principles, we state the facts in the light most favorable to Steagall.

On a clear morning, as she was carrying a bag of groceries to her car, Steagall fell when she stepped off the owner's sidewalk into a depression formed by a recessed water meter cover on the owner's parking lot. Describing the depression as eight to twelve inches across and two to three inches deep, which she "could have [seen] if [she] had been looking for it," Steagall admitted that she had not looked down before stepping off the curb.

Assuming, but not deciding, that the evidence raised a jury issue as to the owner's negligence in maintaining the meter cover in a depression two to three inches deep, we find Steagall guilty of contributory negligence, as a matter of law, in failing to look and, therefore, see an obvious depression in the parking lot surface. In *Hillsville* v. *Nester*, 215 Va. 4, 5, 205 S.E.2d 398, 399 (1974), we held a pedestrian guilty of contributory negligence as a matter of law because she failed to see a two and one-half inch depression in the sidewalk resulting from one slab settling below the connecting slab. Later, in *West* v. *City of Portsmouth*, 217 Va. 734, 739, 232 S.E.2d 763, 766-67 (1977), we found another pedestrian contributorially negligent as a matter of law in failing to notice a depression in the sidewalk two and one-quarter inches deep and three feet by two and one-half feet wide surrounding a water meter box.

The cases Steagall relies upon to create a jury issue as to her contributory negligence are inapposite. In *Crocker* v. *WTAR Radio Corp.*, 194 Va. 572, 74 S.E.2d 51 (1953), we held that a slight difference in the levels of two identically matched and highly polished oak floors on a brightly lighted stage, which the plaintiff testified she did not observe, was not obvious as a matter of law, but merely created a jury issue as to her contributory negligence. In contrast, there is no conflict in the evidence that the

depression in this case was obvious to pedestrians who were keeping a reasonable lookout. Indeed, the two photographs the plaintiff introduced in evidence clearly indicate an open and obvious depression which would have been seen by anyone who looked.

In *Shiflett v. Timberlake, Inc.*, 205 Va. 406, 407-08, 137 S.E.2d 908, 912 (1964), a business invitee fell on a wet floor in the aisle of a drug store. In holding that her alleged contributory negligence was a jury issue, we pointed out that the plaintiff's attention was attracted by a nearby display and that she testified, "With the normal scope of my vision I could see nothing on the floor." *Id.* at 411, 137 S.E.2d at 912. Steagall had nothing to divert her attention, yet she admitted she did not look at all.

Because reasonable men could not differ in concluding that Steagall could have seen the open and obvious depression had she looked, we will reverse the judgment of the trial court in her favor and enter final judgment for the defendant.

*Reversed and final judgment.*