## CIRCUIT COURT OF THE CITY OF RICHMOND

Martha Love

    v.

E. F. Schmidt, Jr.

January 5, 1989

Case No. LL-1730-2

By JUDGE T. J. MARKOW

This matter is before the court on defendant's motion to set aside the verdict.

Plaintiff, an employee of a tenant located in defendant's office building, claims she was injured when she sat on a toilet seat which shifted, thereby causing her to fall to the floor. After a two-day trial, the jury returned a verdict for the plaintiff of $150,000. Defendant moved the court to set the verdict aside on the grounds that (1) the plaintiff should be found to have been contributorily negligent as a matter of law; (2) that defendant, Schmidt, delegated his duties of premises maintenance to an independent contractor and is, therefore, not liable for any negligence in failing to maintain; and (3) that plaintiff failed to prove that the defendant had actual or constructive notice of the defect.

Plaintiff, an office worker, testified that she fell when she attempted to sit on a toilet seat that was loose. It shifted when her weight was transferred to the seat, throwing her off balance and onto the floor.

Plaintiff called as a witness her supervisor who testified that the seat had been quite loose for at least two weeks prior to the fall and that the management company had been notified at least one week before the fall. She

stated that everyone in the office, including the plaintiff, knew that it was loose and that its looseness was an office joke. She says that when the plaintiff reported the fall, she stated that she did not know why she used the stall with the loose seat. Specifically, her testimony was as follows:

Q. Mrs. Mawyer, before Martha came back to the office and told you what she told, had you known that the toilet seat in question, this toilet seat, was in that condition?

A. I don't know that it was in that condition,but we did know that it was loose.

Q. Don't you recall her saying at that time when she was asked to explain why she sat on this particular toilet, words to the effect, "I knew it was loose. I was in a hurry. I don't know why I sat on that one"?

A. Yes.

Q. She said that to you?

A. Yes.

Q. You heard it?

A. Um-hum.

Q. And you are testifying under oath that that's what you heard at that time?

A. Yes.

Q. Now, prior to that time, before Mrs. Love went to the toilet, were there discussions in your office that she

was a party to, in which the loose toilet seat was mentioned?

A. Yeah. We made about every joke you could make out of it.

Q. I'm sorry?

A. We made about every joke you could make out of it at that time.

Q. And Mrs. Love was a party to those conversations?

A. Um-hum.

Q. Is that a yes?

A. Yes.

Plaintiff testified that she did not remember if she knew that the seat was loose before the fall. She also testified that there were two other stalls available for her use, that there was no impediment to her use of either of the other two.

Plaintiff's report of the fall to her supervisor was to the effect, "I knew it was loose. I was in a hurry. I don't know why I sat on that one." She took no special precautions to stabilize herself or the seat before sitting down. There was a dispute whether notice was ever given the management company. The jury was allowed to find that the defendant had constructive knowledge based on the evidence that the defect had existed for a length of time within which a reasonable landlord would have learned of its existence.

### Contributory Negligence

When a plaintiff knows of a danger and through forgetfulness or inattention fails to guard her own safety, she is guilty of contributory negligence. *Hill v. City of Richmond*, 189 Va. 576, 53 S.E.2d 810 (1949). Where a person has options, one safe, the other dangerous, the

law imposes on one the choice of the safe option rather than the dangerous one. *Ward v. Clark*, 163 Va. 770, 177 S.E. 212 (1934). There are numerous cases in which the Supreme Court of Virginia has held that it is negligence as a matter of law for one to fail to use reasonable care to look and listen before attempting to cross railroad tracks. *N. & W. v. Greenfield*, 219 Va. 122, 224 S.E.2d 781 (1978); *N. & W. Ry. Co. v. Smith*, 152 Va. 165, 146 S.E. 268 (1929). If it be negligence to fail to use due care, look and listen for an unknown danger, can it possibly be anything but negligence to fail to heed a known danger?

In *Virginia Beach v. Starr*, 194 Va. 34, 72 S.E.2d 239 (1952), the court refused to allow a plaintiff to recover where she saw a break in a sidewalk and deliberately walked onto it even though there were other convenient and safe ways open to her.

It is clear that if the plaintiff knew of the loose seat and used it, notwithstanding the availability of two others which were not loose, and without evidence of the use of due care to protect herself, or the existence of some circumstance excusing inattention, then, she was negligent as a matter of law, as reasonable people could not have concluded otherwise.

The issue, then, is whether there is any evidence on which the jury could have found that the plaintiff had no knowledge of the loose seat. The only evidence on this point is the plaintiff's own testimony that she did not recall whether she knew of the loose seat prior to the fall. She never positively testified that she had no prior knowledge that the seat was loose.

Contrast the plaintiff's testimony with her own witness' uncontradicted testimony that plaintiff admitted she knew of the loose seat and was a party to jokes about the loose seat. Positive testimony of a credible witness outweighs negative testimony. *Railway Company v. Borden*, 200 Va. 98, 104 S.E.2d 13 (1958). Here there is positive testimony of plaintiff's knowledge of the defect countered by less than contradiction but by lack of recollection. *See Virginia Auto Mutual Ins. Co. v. Brilhart*, 187 Va. 336, 46 S.E.2d 377 (1948).

The court finds that the evidence establishes that plaintiff knew of the defect, that she offered no excuse for her use of the most dangerous option available to

her, that this constituted negligence as a matter of law, and that as matter of law her negligence was a proximate cause of her injury. She is barred from recovery. Consequently, the verdict must be set aside.

### Defendant Insulated from Liability
### by Independent Contractor

While not necessary to this decision, the court will respond to defendant's other grounds for setting aside the verdict.

Defendant argues that as he hired an independent contractor property management company to handle maintenance, he is insulated from liability, or he cannot be held liable for the torts of an independent contractor.

Defendant's law is correct, but misapplied. Plaintiff's claim against Schmidt is not based upon vicarious liability for the tort of the management company; rather, she sued and the case went to the jury on the breaches of his own duty as a landlord to keep a premises reasonably safe for occupiers. No law has been cited which absolves a landlord of that duty simply by his contracting with another to perform those duties. Such a contract might give rise to a third-party claim of the defendant against the management company. It is not a defense to plaintiff's claim, unless it had been presented to the jury as evidence of the defendant's exercise of due care. It was not.

The court does not believe that *Kessler v. Allen*, 233 Va 130, 353 S.E.2d 770 (1987), controls. There the issue was stated by the Supreme Court of Virginia as, "The determinative question in this appeal is whether a landlord, having employed an independent contractor to make repairs or improvements, is liable to a tenant for injuries caused by the *contractor's negligent performance of the work.*" *Kessler v. Allen*, at 131 (emphasis added). This is not a case of vicarious liability; this is a case of direct liability for the defendant's own negligence. The jury found that Schmidt was negligent, there was evidence on which it could base its judgment. This could not be a grounds for setting the verdict aside.

## *Lack of Evidence That Defendant Had Actual or Constructive Knowledge of the Defect*

The court agrees with defendant that he could not be held liable without actual or constructive knowledge of the defect. *See Memco Stores, Inc. v. Yeatman*, 232 Va. 50, 348 S.E.2d 228 (1986); *Revell v. Deegan*, 192 Va. 428, 65 S.E.2d 543 (1951).

He argues that the notice to the management company could not be imputed to him. With this the court also agrees and the jury was so instructed in Instruction No. 13B.

The issue submitted to the jury was whether the defendant knew or should have known of the defect. *See* Instruction 13. The court submitted to the jury whether the evidence, including the existence of the defect for at least a two-week period, could have imposed constructive knowledge on the defendant. There was sufficient evidence to submit the issue to the jury. This is a matter about which reasonable people could have differed and consequently was proper for submittal to, and decision by, the jury. It cannot be disturbed by the court.