Martha J. Love

v.

E.F. Schmidt, Jr.

Record No. 890413

March 2, 1990

Present: All the Justices

*William H. Shewmake (J. Thomas McGrath; Malcolm P. Mc-Connell, III; Coates & Davenport*, on briefs), for appellant.

*Albert M. Orgain, IV (Robert B. Delano, Jr.; Wm. Tyler Shands; Sands, Anderson, Marks & Miller*, on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

There are two issues in this case: (1) whether a plaintiff, who fell to the floor and was injured after sitting on a properly positioned toilet seat she knew was loose, was guilty of contributory negligence as a matter of law, and (2) whether a landlord is liable for an independent contractor's negligence in failing to perform the landlord's common-law duty to maintain the common areas of an office building in a reasonably safe condition.

On March 23, 1984, Winfree H. Slater, Inc. (Slater) contracted to manage Edward F. Schmidt, Jr.'s office building at 1214 Westover Hills Boulevard in the City of Richmond. In their written agreement, Slater agreed that it would act as the "sole agent" in all existing leases and that its service "would cover the supervision and control of the property, paying all bills, [and] handling all complaints. . . ." In the performance of the contract, Slater and

Schmidt construed these terms to impose a duty on Slater to maintain the premises in a reasonably safe condition.

Security Pacific Finance Company (Security Pacific) was one of several tenants on the second floor of the building. Approximately two weeks before the plaintiff was injured, Margaret Mawyer, the manager of Security Pacific's office, noticed that the toilet seat in the middle stall of the second floor women's rest room was loose and called the problem to the attention of the janitor. It was not repaired. Approximately one week later, Mawyer called Slater's office and reported the seat's condition.

During this period of disrepair, the employees of Security Pacific made jokes in the office about the loose toilet seat. Mawyer testified that the plaintiff, Martha J. Love, an employee of Security Pacific, was a party to these conversations. Love testified, however, that she did not recall the conversations.[1]

Upon entering the second floor women's rest room on August 1, 1985, Love noticed that the doors were closed on all but the middle toilet stall. As she entered the middle stall, Love looked at the toilet, which appeared to be "perfectly normal." However, when she sat on the toilet seat, it slipped. As a result, she fell against the side of the stall and onto the floor, injuring her back and leg. Later, Love's doctors discovered that her fall caused a bulging in one of the discs in her back, which necessitated the removal of a portion of the disc. Love has had chronic back pain since her injury, which has caused her to be constantly depressed.

On September 4, 1986, Love filed this action against Schmidt to recover damages for her injury. Subsequently, she recovered a verdict of $150,000 in a jury trial on September 28, 1988. On January 5, 1989, the trial court set the verdict aside on the ground that Love was guilty of contributory negligence as a matter of law. We granted this appeal to Love, as well as to Schmidt on his assignments of cross-error.

■ Love contends that the jury should, and did, resolve the issue of her alleged contributory negligence. On the other hand, Schmidt claims that the trial court should, and did, resolve that issue in his favor. Schmidt says that the evidence established

---

[1] Schmidt claims that Love's mere statement that she did not "recall" the conversations, without an explicit denial that she heard them, was negative testimony which is insufficient to overcome Mawyer's positive testimony that Love was present during the conversations. In view of our holding, we need not, and do not, decide this issue, but simply assume that Love heard the conversations.

Love's contributory negligence as a matter of law. On this appeal, Schmidt has the burden of showing that "there is no direct and reasonable inference to be drawn from the evidence as a whole, sustaining the conclusion that [Love] was free of contributory negligence." *Kelly* v. *Virginia Power*, 238 Va. 32, 39, 381 S.E.2d 219, 222-23 (1989) (quoting *Virginia Electric and Power Co.* v. *Wright*, 170 Va. 442, 448-49, 196 S.E. 580, 582 (1938)). Moreover, because Love has recovered a jury verdict, we view the facts in the light most favorable to her. *Murray* v. *Hadid*, 238 Va. 772, 725, 385 S.E.2d 898, 900 (1989).

Citing a number of cases which found that the plaintiffs were guilty of contributory negligence as a matter of law in failing to observe or remember obvious dangers,[2] Schmidt claims Love's knowledge that the seat was loose likewise establishes her contributory negligence as a matter of law. In this case, however, the danger was not obvious. Indeed, not long before Love fell, Carol M. Cummings, Linda Cole, and Linda Threadgill used the seat without mishap.

"Ordinarily, the issue of contributory negligence is a question for the jury [unless] persons of reasonable minds could not differ upon the conclusion that such negligence has been established." *Kelly*, 238 Va. at 39, 381 S.E.2d at 222. In our opinion, persons of reasonable minds could differ as to whether Love was negligent in sitting on a toilet seat which she knew was loose, but appeared to be positioned properly on the toilet. Accordingly, the trial court erred in setting the verdict aside.

Even so, Schmidt contends that we can affirm the trial court's judgment because he was not responsible for the unsafe condition of the seat, that responsibility having been delegated to Slater, an independent contractor. However, if a duty to maintain a premises

---

[2] *Kelly* v. *Virginia Power*, 238 Va. 32, 39, 381 S.E.2d 219, 222 (1989) (19,900 volt electric line which painter touched with metal ladder); *Rocky Mount Shopping Ctr. Assoc.* v. *Steagall*, 235 Va. 636, 638, 369 S.E.2d 193, 194 (1988) (open and obvious depression in parking lot which plaintiff admitted she could have seen had she looked); *Virginia Beach* v. *Starr*, 194 Va. 34, 35-36, 72 S.E.2d 239, 240 (1952) (break in sidewalk which plaintiff saw and realized was dangerous); *Hill* v. *City of Richmond*, 189 Va. 576, 584, 53 S.E.2d 810, 814 (1949) (depression of which plaintiff was aware in snow-covered sidewalk); *Ward* v. *Clark*, 163 Va. 770, 776, 177 S.E. 212, 214 (1934) (ice which plaintiff admittedly saw on steps); *Bohlkin* v. *Portsmouth*, 146 Va. 340, 347, 131 S.E. 790, 792 (1926) (projecting water meter box which had been in place for over 12 years and which plaintiff passed three or four times a week before falling over it on dark rainy night on unlighted and unimproved lane).

in a safe condition is imposed by contract or by law, it cannot be delegated to an independent contractor. *See Bowers* v. *Martinsville*, 156 Va. 497, 515, 159 S.E. 196, 202 (1931) (prime contractor's contractual duty to maintain adjacent property support in excavation work could not be delegated to subcontractor); *Richmond & M.R. Co.* v. *Moore*, 94 Va. 493, 506, 27 S.E. 70, 71 (1897) (landowner's common-law duty to provide reasonably safe premises for entertainment of invitees could not be delegated to independent contractor); Restatement (Second) of Property, Landlord and Tenant § 19.1 (1977).

■ Nevertheless, Schmidt argues that we held in the case of *Kesler* v. *Allen*, 233 Va. 130, 353 S.E.2d 777 (1987), that a landlord could delegate her duty to maintain the common areas of her premises in a reasonably safe condition. In *Kesler*, however, the negligent act did not arise out of the discharge of the landlord's duty to provide a reasonably safe premises, but upon her independent contractor's negligent installation of a storm door. We held that the landlord was not liable for the contractor's negligence in making such repairs or improvements. *Id.* at 134, 353 S.E.2d at 780. The tenant tripped over an obstacle shortly after the contractor installed it at the threshold of the storm door.

In *Kesler*, we noted that the landlord was unaware of the obstacle until notified of the tenant's fall. *Id.* at 132, 353 S.E.2d at 779. Moreover, the tenant did not claim that the obstacle had been in place for a time sufficient to impute constructive notice of the consequently unsafe premises. Thus, the landlord's duty to provide a reasonably safe premises was not involved because the landlord had neither actual notice of the obstacle nor sufficient time, in the exercise of reasonable care, to become aware of it. *See Revell* v. *Deegan*, 192 Va. 428, 433, 65 S.E.2d 543, 546 (1951) (landlord only liable if he had actual or constructive notice of unsafe condition of premises).

■ In contrast to *Kesler*, this case involves an attempt to delegate the landlord's common-law duty to maintain his premises in a reasonably safe condition. Because such a duty cannot be delegated, we are of opinion that notice to Slater of the unsafe condition of the toilet seat was notice to Schmidt, based on agency principles and the doctrine of *respondeat superior. Revell*, 192 Va. at 433, 65 S.E.2d at 546; *see Jefferson Standard Life Ins. Co.* v. *Hedrick*, 181 Va. 824, 834, 27 S.E.2d 198, 202 (1943); *Rew* v. *Bloxom*, 181 Va. 136, 140, 23 S.E.2d 771, 773 (1943).

For these reasons, we will reverse the judgment of the trial court, reinstate the verdict, and enter final judgment for Love.

*Reversed and final judgment.*

CHIEF JUSTICE CARRICO, dissenting.

I would hold the plaintiff guilty of contributory negligence as a matter of law and affirm the judgment of the trial court.