## CIRCUIT COURT OF FAIRFAX COUNTY

Wesby

v.

Eighth Skyline Associates and
Charles E. Smith Management, Inc.

August 6, 1991

Case No. (Law) 75918

By JUDGE THOMAS A. FORTKORT

The case at bar is a slip and fall case in which the jury found a verdict in favor of the plaintiff in the amount of $35,000. The plaintiff was an employee of a government agency who was leasing space from Eighth Skyline Associates, the building owner. The building was being managed by Charles F. Smith Management, Inc., who was overseeing a space extension. As part of the space extension, a wall was being removed and a corridor created from an existing office.

When the wall was removed, a raised electrical outlet which had been under a desk was exposed and now was positioned in the corridor. Mr. Wesby was carrying a box into the newly-created space when he tripped over the electrical outlet and was injured. In his case in chief, Mr. Wesby testified that he was aware that there were outlets under the desks that became exposed when the desks were moved.

When a contractor allows space in which he is working to be used during construction, he has a duty to guard against hazards that are created in the construction process. In this case, there is no doubt that a raised electri-

cal receptacle is a hazard to persons walking in the new corridor.

The issue in this motion to set aside the jury verdict is whether prior knowledge of an existing hazard is contributory negligence as a matter of law in a trip and fall case. A secondary issue is whether a receptacle approximately three inches high is an open and obvious condition which would have been seen by a person exercising ordinary care for his safety.

"Ordinarily, the issue of contributory negligence is a question for the jury [unless] persons of reasonable minds could not differ upon the conclusion that such negligence has been established." *Kelly v. Virginia Power*, 238 Va. 32, 39 (1989), and *Love v. Schmidt*, 239 Va. 357 (1990) citing *Kelly*. If persons of reasonable minds could differ as to whether Mr. *Wesby* was contributorily negligent in tripping and subsequently falling on the electrical outlet in a corridor which he previously knew was located under a desk, it would be error for the trial court to set aside the verdict.

Numerous Virginia cases have found plaintiffs guilty of contributory negligence as a matter of law in failing to observe or remember *obvious* danger. *See Kelly, Id.*; *Rocky Mount Shopping Ctr. Assoc. v. Steagall*, 235 Va. 636 (1988); *Virginia Beach v. Starr*, 194 Va. 34, 35-36 (1952); *Hill v. City of Richmond*, 189 Va. 576 (1949); and *Ward v. Clark*, 163 Va. 770 (1934). In determining whether the plaintiff may have been contributorily negligent, these Courts employed an "open, obvious, and plain view" test.

In *Kelly*, the trial court set aside the jury verdict for the plaintiff in a contributory negligence case where the plaintiff was electrocuted while painting gutters. The *Kelly* court reasoned that "due care demands that a person balancing a metal ladder in proximity to lines strung from power poles should either determine that the lines are not dangerous or treat them as if they are dangerous." *Id.* at 41. The court stated further:

> Yet, with the foregoing degree of intelligence and experience, the *plaintiff proceeded to work beneath, above, and around an array of wires strung between huge poles. The photographic exhibits show that the poles were those commonly*

> *identified as poles supporting power lines. The large transformer and light, with wires attached, also should have conveyed to any reasonable person the idea that electrical power was transmitted to and from the poles. Nevertheless, confronted with a situation which was open, obvious, and in plain view, the plaintiff undertook to manipulate an aluminum ladder within three feet of the wire twenty six times in a three-hour period."* Id. at 40. (emphasis added)

*Applying this reasoning*, a distinction can easily be made between the open and obvious electrical wires present in *Kelly* and the raised electrical outlet in the case at bar. Unlike *Kelly*, where Kelly could not have been unaware of the presence of electrical wires, persons of reasonable minds could differ as to whether Mr. Wesby's prior knowledge combined with the size and position of the raised outlet should have alerted him of the potential danger confronting him.

Other cases which employed the same "open, obvious and in plain view" test where the plaintiff was found contributorily negligent, present conditions which were more blatant than the case at bar. Examples of these conditions are (1) open and obvious depressions in a parking lot which plaintiff admitted she could have seen if she had looked, (2) break in sidewalk which the plaintiff saw and realized was dangerous, and (3) ice on steps which plaintiff knew was present.

In the recent case of *Love v. Schmidt*, 239 Va. 357 (1990), prior knowledge of a dangerous condition by itself does not constitute contributory negligence as a matter of law. The plaintiff fell to the floor and was injured after sitting on a properly positioned toilet seat she knew was loose. There was a jury verdict for the plaintiff which the trial court set aside on the ground that the plaintiff had been guilty of contributory negligence as a matter of law. *Id.* at 357.

However, the Virginia Supreme Court found that the danger was not obvious and that shortly before Love fell, other employees used the seat without mishap. The court further stated that "persons of reasonable minds could differ as to whether Love was negligent in sitting on

a toilet seat which she knew was loose, but appeared to be positioned on the toilet." *Id.* at 360. Therefore, the trial court erred in setting the verdict aside.

A grape on the floor and a one foot by three foot box are both capable of being seen by a person with average eyesight. The grape does not trigger the same danger signal to the pedestrian as does the box. An electrical outlet falls into that category of objects that form a definite "maybe." That is, they require a full exposition of the facts to determine whether under the totality of the circumstances that contributory negligence will lie against the plaintiff. That type of determination is a classic issue for the trier of fact.

That Mr. Wesby was carrying a box, knew that exposed outlets were in the corridor, and had been warned to "be careful" are elements that support the defense claim of contributory negligence. The size or lack thereof of the outlet, that it was not marked in any specific way, that the area where Mr. Wesby tripped was not well lighted are elements that run in Mr. Wesby's favor. There is a delicate line between acting as an eighth juror or being able to say that "reasonable minds could not differ over the evidence" as is the Court's function and duty to determine. In this case, the Court declines the defendant's invitation to resolve this fact-laden problem by declaring that no conflict on this issue could exist in the minds of reasonable persons.

In this situation, the issue of contributory negligence has been appropriately decided by a jury. The plaintiff is not contributorily negligent as a matter of law. Defendant's motion to set aside the jury verdict is denied.