Julee SCHLOSSER, as Administratrix of the Estate of Jocelyn H. Schlosser, Deceased; Jordan Schlosser, Individually and on Behalf of Madysen Wagoner, a Minor; and Joshua Wagoner, on Behalf of Madysen Wagoner, a Minor, Appellants (Plaintiffs below),

v.

ROCK INDUSTRIES, INC., Appellee (Defendant below).

State of Indiana, Appellant (Plaintiff below),

v.

Rock Industries, Inc., Appellee (Defendant below).

No. 50S03–0403–CV–118.

Supreme Court of Indiana.

March 11, 2004.

Douglas D. Small, Foley & Small, South Bend, IN, Steve Carter, Attorney General of Indiana, John H. Lewis, Indianapolis, IN, Attorneys for Appellants.

Don G. Blackmond, Jr., Peter J. Van Dyke, Doran Blackmond LLP, South Bend, IN, Attorneys for Appellee.

On Petition To Transfer from the Indiana Court of Appeals, No. 50A03–0302–CV–56

RUCKER, Justice.

Based on the "acceptance rule" the trial court granted summary judgment in an

action arising out of an automobile collision. In an opinion handed down today we abandoned the rule. *See Peters v. Forster,* 804 N.E.2d 736 (Ind.2004). We therefore grant transfer and reverse the judgment of the trial court.

### Facts and Procedural History

On January 7, 1999, the Indiana Department of Transportation (INDOT) contracted with Rock Industries, Inc., to remove snow from the intersection of U.S. Highway 31 and Old Michigan Road south of Plymouth in Marshall County, Indiana. A Rock Industries employee noted a pile of snow in the median of the highway that he estimated as between three and eight feet high. Using a front-end loader, the employee cleared the intersection and reduced the snow pile to the ground on the west side of a yield sign but added snow on the east side of the sign. According to the employee, he cleared the pile in such a way that "everybody could see."

Over the next several days additional snow fell and INDOT plowed the roads in the area several times. On January 12, in response to an accident at the intersection of U.S. 31 and Old Michigan Road, a police officer contacted INDOT concerning the snow pile, and with the help of another officer physically kicked away a portion of the pile until he felt that driving conditions were safe. A snowplow dispatched by INDOT later arrived and pushed snow from one section of the pile.

On January 15, a two-car collision occurred at the intersection. Jordan Schlosser, the driver of one of the cars, was injured and Jocelyn Schlosser, her thirteen-year-old sister, was killed. One-year-old Madysen Wagoner was also injured.

Thereafter on August 30, 1999, Julee Schlosser, as Administratrix of Jocelyn Schlosser's estate, Jordan Schlosser on her own behalf and on behalf of Madysen Wagoner, and Joshua Wagoner also on behalf of Madysen Wagoner (referred to collectively as "Plaintiffs") filed a complaint against the State of Indiana, Rock Industries, and Marshall County, Indiana (referred to collectively as "Defendants").[1] According to Plaintiffs the Defendants' snow removal efforts created the large pile of snow on the median, reducing visibility, and thereby causing their injuries. After both sides conducted discovery, Rock Industries filed a motion for summary judgment alleging that it could not be held liable for its work once it was accepted by the State. The trial court granted the motion. On review, Plaintiffs argued that exceptions to the acceptance rule created liability on behalf of the State, and that in any event the court should abolish the "antiquated common law acceptance rule." Appellant's Br. at 35. In affirming the trial court's judgment, the Court of Appeals determined that the exceptions to the rule did not apply in this case. The Court of Appeals declined the invitation to abolish the acceptance rule noting "[s]uch is within the province of the Indiana Supreme Court, rather than this Court." *Schlosser v. Rock Indus., Inc.,* 796 N.E.2d 350, 358 n. 6 (Ind.Ct.App.2003). We grant Plaintiffs' petition to transfer and reverse the judgment of the trial court.

---

1. By stipulation, Marshall County was dismissed in July 2001, and thus is not a party to this appeal. Also by stipulation, Plaintiffs dismissed their claims against the State of Indiana on February 12, 2003. The State of Indiana remains a party to this appeal because it alleged the trial court improperly denied it the right to amend its answer to assert a cross-claim against Rock Industries for breach of contract. However, the Court of Appeals affirmed the judgment of the trial court on this issue, and the State did not seek transfer. We therefore summarily affirm that portion of the Court of Appeals' opinion addressing the claims raised by the State of Indiana.

### Discussion

■ Generally, Indiana has followed the rule that "contractors do not owe a duty of care to third parties after the owner has accepted the work." *Blake v. Calumet Constr. Corp.*, 674 N.E.2d 167, 170 (Ind. 1996); *Citizens Gas & Coke Util. v. Am. Econ. Ins. Co.*, 486 N.E.2d 998, 1000 (Ind. 1985). This rule is commonly referred to as the "acceptance rule" or the "completed and accepted rule." In an opinion handed down today we abandoned the acceptance rule in favor of what has been described as the "modern rule" or the "foreseeability doctrine." In doing so we embraced the trend reflected in the Restatement (Second) of Torts which provides:

> One who on behalf of the possessor of land erects a structure or creates any other condition thereon is subject to liability to others upon or outside of the land for physical harm caused to them by the dangerous character of the structure or condition after his work has been accepted by the possessor, under the same rules as those determining the liability of one who as manufacturer or independent contractor makes a chattel for the use of others.

*Peters*, 804 N.E.2d at 742 (quoting Restatement (Second) of Torts § 385 (1965)). In our view this approach "is consistent with traditional principles of negligence upon which Indiana's scheme of negligence law is based." *Id.*

■ In this case, the trial court granted summary judgment in favor of Rock Industries. The trial court did not set forth its reasons for doing so. However, in its memorandum in support of summary judgment, Rock Industries argued: (i) the State of Indiana through INDOT had accepted Rock Industries' work prior to the Plaintiffs' sustaining injuries, App. to Appellee's Br. at 31; (ii) Rock Industries'

work did not qualify for an exception to the accepted work rule, *id.* at 36–38; and (iii) Rock Industries' conduct was not the proximate cause of the Plaintiffs' injuries. *Id.* at 38–41.

Because we have abandoned the acceptance rule, Rock Industries' claims "must be evaluated under traditional principles of negligence." *Peters*, 804 N.E.2d at 743. In that regard Rock Industries' argument that its conduct was not the proximate cause of the Plaintiffs' injuries is best determined by the trier of fact.

### Conclusion

We reverse the judgment of the trial court and remand this cause for further proceedings.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.