# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Peggy M. Boland

v.

Rivanna Partners et al.

November 21, 2005

Case No. (Law) 05-32

BY JUDGE EDWARD L. HOGSHIRE

Defendants Michael Johnson and Johnson's Backhoe Service, Inc. (collectively, "the Johnsons") have demurred to Plaintiff Peggy M. Boland's Amended Motion for Judgment ("AMJ"), arguing that they cannot be held liable for her injuries as a matter of law. Plaintiff and Defendant Rivanna Partners, L.L.C. ("Rivanna") oppose the demurrer. The parties have filed memoranda in support of their respective positions and the matter has been argued by counsel. For the reasons stated below, this Court overrules the demurrer.

*Statement of Facts*

As this is a demurrer, the Court accepts the facts as stated in the Plaintiff's Motion for Judgment and draws all reasonable inferences therefrom. *Adkins v. Dixon*, 253 Va. 275, 276 (1997).

Defendant Rivanna is a limited liability corporation and is the owner and operator of the Republic Plaza located on Main Street in the City of Charlottesville, Virginia. (AMJ, & 1.) Defendant Michael Johnson is the owner

and operator of Defendant Johnson's Backhoe Service, Inc. (AMJ, & 3.) Rivanna retained the Johnsons to plow snow and ice from the parking area at Republic Plaza and to sand and/or salt the parking area. (AMJ, & 4.) On or about January 10, 2004, Plaintiff parked in the parking area designated for customers at the Republic Plaza. (AMJ, & 9.) On exiting her vehicle, she slipped on black ice that had not been cleared from the parking area. (AMJ, & 9.) As a result of this fall, Plaintiff alleges that she fell to the ground and sustained serious injury to her hip and leg. Plaintiff alleges she incurred medical and hospital bills and suffers physical and mental pain. (AMJ, & 9.)

## Standard of Review

A demurrer tests the legal sufficiency of facts presented in the Plaintiff's pleading. A trial court must consider the pleading in the light most favorable to the Plaintiff and should sustain the demurrer only if the pleading fails to state a valid cause of action. *Sanchez v. Medicorp Health System*, 270 Va. 299 (2005) (citing *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 384 (1996)).

## Questions Presented

Does an independent contractor hired for the season to remove snow from a parking lot have an independent duty of care to a non-contracting person who is harmed by the contractor's failure to clear the snow carefully?

## Analysis

The Johnsons contend that Plaintiff, Peggy Boland, can maintain no cause of action against them for liability for her fall on January 10, 2004, in the parking lot owned by Rivanna. The Johnsons assert that they escape liability because, as independent contractors hired by Rivanna to clear snow, they were merely hired to perform the owners' non-delegable duty to maintain the property in a reasonably safe condition. (Johnsons' Mem. Supp. Dem. at 2.) Because they are not the owners of the property, the Johnsons argue that they had no duty to Plaintiff, or to other members of the public, to clear the parking lot in a careful or reasonable manner.

To constitute actionable negligence, there must be a legal duty, a breach thereof, and a consequent injury. *Artrip v. E. E. Berry Equipment Co.*, 240 Va. 354 (1990) (quoting *Bartlett v. Recapping, Inc.*, 207 Va. 789, 793 (1967)). The Johnsons argue that Plaintiff has failed to state a claim of negligence because she has failed to allege facts that show that the Johnsons had a legal duty to the

Plaintiff. It is unquestioned in this case that the Johnsons were independent contractors hired by Rivanna to clear snow from the parking lot of the premises. "An independent contractor is one who undertakes to produce a given result without being in any way controlled as to the method by which he attains that result." *Southern Floors and Acoustics, Inc. v. Max-Yeboah*, 267 Va. 682, 687 (2004) (quoting *Craig v. Doyle*, 179 Va. 526, 531 (1942)).

It is settled law that a landlord cannot delegate its common law duty to maintain its premises in a reasonably safe condition. *Love v. Smith*, 239 Va. 357, 361 (1990). *See also Southern Floors*, 267 Va. at 688. The Johnsons argue that, in *Kesler v. Allen*, 233 Va. 130 (1987), and in *Southern Floors*, the Virginia Supreme Court created a distinction between maintenance of property and "repairs or improvements" to property. They assert that a landlord cannot delegate the duty to maintain the property in a reasonably safe condition and that the independent contractor only assumes the legal duty of care when hired for a repair or improvement. They further assert that they were hired to perform routine maintenance, not a discrete and isolated repair. Therefore, the Johnsons argue that Rivanna, and only Rivanna, held a duty of care to the Plaintiff as a matter of law. Rivanna agrees that snow removal was part of its nondelegable duty to maintain the property in a reasonably safe condition and that the Johnsons were hired to perform that duty. Rivanna and the Plaintiff assert, however, that, in acting to remove the snow from the parking lot, the Johnsons held an independent duty of care to the Plaintiff.

The distinction between maintenance and "repair or improvement" is not well defined. In *Love*, the owner of the property had contracted out the general maintenance of the premises and the court found that, despite such a contract, the legal duty to maintain the premises safely was retained by the owner. 239 Va. at 361. Therefore, when the plaintiff slipped off a broken toilet seat, something which should have been repaired in the course of ordinary maintenance, the owner was liable. *Id.* The *Love* court distinguished *Kesler* because, in that case, the negligent act arose out of the "independent contractor's negligent installation of a storm door." *Id.* The court in *Kesler* dismissed, with minimal discussion, the plaintiff's argument that the installation of the door fell within the landlord's duty to maintain the property safely. Similarly, in *Southern Floors*, the court distinguished *Love* as involving "regular and routine maintenance, repair and janitorial services." 267 Va. at 688. In that case, the sub-contractor was installing new floor tiles over which the plaintiff tripped and fell. *Id.*

In the case at bar, removal of snow and ice during the winter was part of Rivanna's nondelegable duty to maintain the property safely. In contracting with the Johnsons for the removal of snow during the winter, Rivanna hired them to

*perform* its non-delegable duty. They did not attempt to delegate their *legal duty* of proper maintenance to the Johnsons. *See Gazo v. Stamford*, 765 A.2d 505, 511 (2001) (stating that a "party may contract out the *performance* of a nondelegable duty, but may not contract out his ultimate legal responsibility").

However, the determination that the Johnsons were hired to perform Rivanna's non-delegable duty of maintaining a safe premises does not mean that the Johnsons therefore had no duty to Plaintiff or any other member of the public who entered the parking lot. The cases discussed above addressed whether the property owner was liable for acts that could be attributed to an independent contractor, not the distinct question of whether the independent contractor owed a duty of care to the injured party.[1] In *Artrip v. E. E. Berry Equipment Co.*, the plaintiff was injured by slipping and falling on a pile of snow and sued the snow removal company. The court did not need to decide the issue of whether the defendant owed Artrip a duty of care because the parties had agreed that it did. The court explicitly stated, "In the present case, the parties agree that Berry owed Artrip a duty to use reasonable care in removing the snow from the parking lot, and we agree." *Artrip*, 240 Va. at 257. Although this statement is dictum, it is indicative of the court's agreement with the fundamental principle stated.

In fact, the Johnsons retained an independent duty to use reasonable care because the act of clearing the parking lot was not just for the benefit of Rivanna, but also for the benefit of Plaintiff and others like her. It was clearly foreseeable that people other than Rivanna would be affected by the Johnsons' actions. As Justice Cardozo stated, "It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all." *Glazner v. Shepard*, 135 N.E. 275, 276 (N.Y. 1922). *See also Nolde Bros., Inc. v. Wray*, 221 Va. 25, 28 (1980) (quoting *Glazner*). This duty is separate from any contractual duties due to the owner of the property. The independent contractor who acts to provide a service which clearly impacts the safety of other persons retains an independent duty of care to any person who could be affected by a careless performance of that service. The Restatement (Second) of Torts states, "In general, when a person undertakes to render services to another, which he should recognize as necessary for the protection of a third person, he is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking. Restatement (Second) of Torts § 234(A). *See also Sclosser v. Rock Industries, Inc.*, 804 N.E.2d 1140 (Ind. 2004) (holding that negligence claims

---

[1] In *Love*, where the court found the landlord liable to the third party, the court did not address the issue of whether the contractor was also liable.

against a contractor are evaluated under traditional negligence rules); *Kostidis v. General Cinema Corp.*, 754 N.E.2d 563 (Ind. App. 2001) (discussing snow removal contractor's duty to third persons to remove snow in lot with reasonable care); *Genen v. Metro-North Commuter RR.*, 690 N.Y.S.2d 213 (N.Y. App. Div. 1999); *Lawson v. Industrial Development*, No. CV97-0139538S, 1999 WL 49824 (Conn. Super. Jan. 22, 1999).

The removal of snow and ice from a parking lot used by many members of the public requires the exercise of reasonable care. It was foreseeable to the Johnsons that a person entering the lot could be injured if they performed their duty negligently. Therefore, they owed a legal duty of care to the plaintiff, and the demurrer should be overruled.