## CIRCUIT COURT OF GREENE COUNTY

Alison Early,
Administrator
of the Estate of
George S. Early,
deceased

     v.

HP/Stanardsville, Inc., et al.

September 14, 2010

By Judge Daniel R. Bouton

     I set forth below the court's rulings in connection with the outstanding demurrers.

### The Demurrer of NFC

     The demurrer of NFC to the second amended complaint will be sustained. The court finds no pleaded facts in the complaint that would establish a general common law duty that NFC had toward the plaintiff under Virginia law. There are no allegations that any employee, agent, or servant of NFC committed an act of negligence that would be within the scope of his or her employment with NFC. Finally, the complaint describes no actions by NFC employees or agents that were the proximate cause of the plaintiff's death.

     The court is not persuaded that the cases relied on by the plaintiff are sufficient to overrule the demurrer. In particular, the plaintiff places great emphasis on the rationale of *Boland v. Rivanna Partners*, 69 Va. Cir. 308 (Charlottesville 2005). However, Boland can be distinguished from the facts that are contained in the pleadings of the case before the court. Specifically, Boland is premised on an independent contractor's duty to use reasonable care for actions that benefit not only the person or entity who hired the independent contractor but also those plaintiffs who could be affected by

such actions. Nevertheless, assuming without deciding that this principle is consistent with Virginia law, a plaintiff must first establish that the person or entity is actually an independent contractor before any legal duty arises. On this point, an "independent contractor is one who undertakes to produce a given result without being in any way controlled as to the method by which he attains that result." *Southern Floors & Acoustics, Inc. v. Max-Yeboah*, 267 Va. 682, 687 (2004). In the present case, the pleadings contain no facts that would prove that NFC was acting as an independent contractor at the nursing home as that term is defined by Virginia law. The complaint does not include any facts that would demonstrate that NFC had any authority to direct or manage any personnel or employees at Evergreene. This is the crux of the "control" argument made by Mr. Rucker in his brief, and the court finds it compelling.

Based on the above discussion, the demurrer of NFC will be sustained.

### The Demurrer Regarding Punitive Damages

The demurrer to the claim for punitive damages will be sustained because the second amended complaint does not set forth sufficient facts to support a claim. To begin with, punitive damages in Virginia can only be awarded in the most egregious cases. The conduct alleged must be so willful and wanton as to evince a conscious disregard of the rights of others. *Bowers v. Westvaco Corp.*, 244 Va. (1992). Furthermore, the Supreme Court of Virginia has stated that something more than ordinary negligence or even gross negligence is required to justify an award of punitive damages. *Philip Morris, Inc. v. Emerson*, 235 Va. 380 (1988).

On this issue, the court finds persuasive the arguments and the authorities contained in the August 13th letter of Ms. Katz and Mr. Allen. In particular, the court finds that the pleadings in the present case set forth a number of conclusory allegations about punitive damages. However, there is no description of any conduct that is willful and wanton and that shows a conscious disregard for the rights of others. The complaint makes reference to the terrible and unfortunate death of Mr. Early, but it does not identify any person or persons who committed specific acts that would justify a claim for punitive damages.

By way of example, Paragraph 32 of the Amended Complaint asserts that the nursing home defendants "knew or should have known, from their knowledge of existing circumstances and conditions," that Mr. Early was at risk of some type of injury. Paragraph 35 states that the defendants "acted under circumstances amounting to a willful and wanton disregard of Mr. Early's rights." Nevertheless, the particular circumstances are not described, and there are no facts that explain why the "defendants" should have known of any risk. There are also no cases cited by the plaintiff where

such knowledge, even if proven, would be sufficient to support an award of punitive damages.

Similarly, Paragraph 33 states that the defendants were aware of "serious deficiencies in the care and treatment received at the nursing home both before and during the residency of Mr. Early." There are no pleaded facts, however, to support these conclusory statements. Furthermore, the pleadings assert that the claims are based on "information and belief." In the court's view, information and belief are not substitutes for pleaded facts.

As a result of the above analysis, the demurrer to the claim for punitive damages will be sustained.

### Leave To Amend

With regard to whether the plaintiff should be granted leave to amend, no further argument is necessary on this point. Rule 1:8 states that leave to amend "shall be liberally granted in furtherance of the ends of justice." Whether an amendment should be granted rests within the discretion of the court. However, if no amendment has been previously allowed and if an amendment would not prejudice the defendant, it can be an abuse of discretion to deny a motion for leave to amend. *Mortarino v. Consultant Engineering Services*, 251 Va. 289 (1976).

Here, the court concludes that the plaintiff should have the opportunity to file an amended complaint, if the plaintiff be so advised. Moreover, in this case, the court is not aware of any prior ruling that sustained a demurrer to any of the claims that are now before the court. Moreover, other than the inconvenience that might be caused by further delay, nothing in the record at this point suggests that any prejudice would result to the defendants from granting leave to amend.

The plaintiff will therefore be granted leave to file an amended complaint within twenty-one days of the entry of the order that sustains the demurrer. The defendants named in the amended complaint shall then have twenty-one days from the date any such amended complaint is served to file any responsive pleadings deemed appropriate.